13   476
55   644
13   476
68   316

## DANIEL GILTENAN v. B. W. LEMERT.

ACTION TO QUIET TITLE; *Title of Occupant; Adverse Title.* A party in the quiet, peaceable and rightful possession of real estate, claiming title thereto, has such an interest therein, although his title may be ever so defective, that he may maintain an action to quiet his title and possession as against any adverse claimant whose title is weaker than his, or who has no title at all.

*Error from Neosho District Court.*

ACTION brought by *Giltenan* to quiet his title to eighty acres of land. The facts and proceedings are fully stated in the opinion. The district court at the April Term 1873, sustained a demurrer to plaintiff's evidence, dismissed the petition, and gave judgment against plaintiff for costs. *Giltenan* brings the case here.

*Hutchings & O'Grady*, for plaintiff in error:

The court erred in sustaining the demurrer to plaintiff's evidence. A demurrer to evidence does not alter the rule that *the jury* are the exclusive judges of the facts. The court upon a demurrer to evidence cannot weigh the testimony, and decide upon the preponderance. The only question to be decided by the court is, whether there is an *entire failure* of proof on any material question raised in the pleadings, and necessary under the law to be supported by some proof in order to justify a recovery.

The plaintiff had shown an exclusive and continuous possession of the land since before the action was commenced. The deed from Chouteau, (who had prior possession, coupled with an equity relating back to September 29th, 1865, and which had ripened into a complete legal title at the commencement of this action,) was certainly evidence that plaintiff's entry was lawful, and at the least must be construed to be license from Chouteau to enter. This possession was "an incipient or inchoate title," which would "in time ripen into a complete, perfect and absolute title," and plaintiff could "maintain an action to quiet possession" against the defendant who "had not a paramount right," in fact who had not shown even the remotest right, but who "claimed adversely" in his answer. At the time of passing on this demurrer, so far as the court was informed or the record shows, Lemert's claim to this land was a mere idle and vexatious claim, without any foundation whatever. The patent showed the absolute legal title to be in Chouteau. That he obtained his title

as a "head-right" under the 14th article of the treaty, is re-cited by the patent itself. Now, then if no other force is given to the deed from Chouteau to Giltenan, it must be con-ceded that it was license from Chouteau to Giltenan author-izing him to enter, and was given after the equity of Chouteau attached. Giltenan then had certainly made this case — he was in possession of the land by written license and consent of the owner of the fee, and a mere stranger without a shadow of right questioned his possession. The possession of Giltenan made out a *prima facie* case. "It is a maxim that the party in possession is presumed to have a valid title." "It is *prima facie* evidence of seisin in fee." Quiet and exclusive posses-sion of real estate give the party holding the same, a "right against every person who cannot establish a title." "This is the general rule in respect to which there is no exception, and it has been established by a world of authorities both in this country and in England." Tyler on Eject., pp. 70, 71, 72; *Brenner v. Bigelow*, 8 Kas., 496.

*Stillwell & Baylies*, for defendant in error:

Did the court err in sustaining the demurrer of the de-fendant to the evidence of plaintiff? In other words, did all the evidence introduced support the petition, and entitle the plaintiff to the relief asked? The plaintiff based his right to relief on the ground that he held the legal title to and was in the quiet and peaceable possession of the prem-ises. Proof that the plaintiff held the legal title alone would not sustain the action. (*Eaton v. Giles*, 5 Kas., 24.) Nor would proof of bare possession, without some claim of right thereto, be sufficient; (Nash's Pl. & Prac., 654; Seney's Code, 417, note *b;*) and we submit whether, in any case, possession with-out the legal title would be sufficient to sustain the action. In this case, the right to possession, under the pleadings, de-pending upon plaintiff's holding the title, in order to make out a *prima facie* case it was necessary for the plaintiff to show both possession and the right to possession in himself. This he failed to do. The only evidence of any title in him,

was that shown by the deed of Gesso Chouteau, bearing date August 3d, 1867, and a patent from the government to Chouteau, of date June 10th, 1870. The patent from the government showed the legal title to the premises in controversy to be vested in Chouteau on the 10th of June, 1870. The deed of August 3d, from Chouteau to plaintiff, was incompetent as evidence, and the objection of defendant to its introduction should have been sustained. The deed was executed nearly three years before the patent, and in order to be a proper instrument of evidence, it should have been sufficient, in itself, to vest in the grantee any subsequently-acquired title of the grantor. (Comp. Laws 1862, p. 354, § 4.) It contains no covenants whatever. It does not warrant the title. It is an ordinary quitclaim deed, and did not operate either under the statute, or by way of estoppel, to vest in the plaintiff any after-acquired title of Chouteau. *Simpson v. Greeley*, 8 Kas., 586; 14 Ohio St., 339; *Bruce v. Luke*, 9 Kas., 201.

It does purport to convey "all the interest he may acquire by virtue of a head-right as an Osage Indian half-breed, or by virtue of priority of settlement" on the land. This language can give no extra effect to the deed. It only shows that the grantor intended to convey such right as then was vested in him, by virtue of rights then existing. There is no covenant as to his having any right, by virtue of priority of settlement. It was a conveyance then in the present only, and could pass only such interests as the grantor then had. It does not purport to convey any greater interest than the grantor then had, in the meaning of § 4 of Compiled Laws above referred to. Hence on the face of this instrument, showing as it did that the grantor did not have, nor undertake to convey, the legal title, and its execution being long anterior to the patent to Chouteau, it was not a proper subject of evidence.

Again, plaintiff having introduced the patent in evidence, was bound by its recitals; claiming title through the grantee in the patent, he cannot deny that its recitals are true. The patent shows that Gesso Chouteau was designated as one of

the half-breeds, to have a head-right under the 14th article of the treaty between the government and the Osage tribe of Indians of Sept. 29th, 1865;. that this selection included the lands in controversy in this action, and that his selection was approved by the Secretary of the Interior, June 15th, 1869. We submit, therefore, that as the evidence of plaintiff already introduced at the time the deed was offered showed that Chouteau was a member of a tribe of Indians, and that no title to the lands in controversy was vested in him until the issuance of the patent, that he had no legal capacity to convey, and the deed bearing date August 3d, 1867, was void in its inception, and passed no right or interest in the premises, to plaintiff.

The plaintiff then having shown title in Chouteau, and not connecting himself with the title, had no such possession as the law will countenance. The case is within the rule laid down in *Wood v. M. K. & T. Rly. Co.*, 11 Kas., 323. It can make no difference in its application whether the trespass is upon lands of the government, or of an individual.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to quiet title to certain real estate. Both parties by their pleadings claimed to own the property, and to have the right of possession thereto. A trial was commenced in the court below before the court and a jury. The plaintiff below (who is also plaintiff in error,) introduced parol evidence showing that he was in quiet and peaceable possession of the property. He also introduced in evidence a quitclaim deed to himself for the land, executed August 3d, 1867, by one Gesso Chouteau, a half-breed Osage Indian. He also introduced in evidence a patent for the land issued June 10th, 1870, by the government of the United States to said Chouteau. This patent was issued under the provisions of article 14 of the treaty with the Osage Indians of September 29th, 1865, (14 U. S. Stat. at Large, 689.) When all this evidence was introduced the plaintiff rested his case. The defendant then demurred to the evidence, and

the court below sustained the demurrer, and rendered judgment for the defendant. And of this ruling the plaintiff now complains.

We are inclined to think that the court below erred — that the case should not have been taken from the jury. A party in the quiet, peaceable and rightful possession of real estate, claiming title thereto, has such an interest therein, although his title may be ever so defective, that he may quiet his title and possession as against any adverse claimant whose title is weaker than his, or who has no title at all. (Gen. Stat., 747; Code, § 594.) Now according to the evidence, if the plaintiff did not own this property, then Chouteau owned it. There was not a particle of evidence tending to prove that any one else owned it. There was no evidence tending to show that the defendant had the least interest in the property. Hence it would have been proper for the jury to have found that the plaintiff held the property peaceably, quietly, and rightfully, under Chouteau, although possibly the legal title may still be in Chouteau. If Chouteau was satisfied to allow the plaintiff to hold possession of the property, and to claim title thereto under said quitclaim deed, no one else could complain. Except as against Chouteau, or some other person rightfully claiming under him, the plaintiff's title was and is sufficient. It will stand against the balance of the world. This case differs widely from the case of *Wood v. The M. K. & T. Rly. Co.*, 11 Kas., 323. In that case the plaintiff was merely a trespasser upon government land. In this the plaintiff is neither a trespasser, so far as the evidence shows, nor is he located upon government land.

The judgment of the court below must be reversed, and cause remanded for further proceedings.

All the Justices concurring.