Neve v. Allen.

-----------

JOHN NEVE *et al.* v. JOHN H. ALLEN.

1. QUIETING TITLE—*Reply, not a Departure from Cause of Action.*  Where an action was brought under § 594 of the code to quiet the title to a tract of land, and the defendants pleaded facts showing that they were tenants in common as to a one-third interest, and the plaintiff in reply admitted that the defendants held the naked legal title to the extent of a one-third interest, but alleged that they had sold and received the consideration for such interest, and that a deed was given therefor by their consent by one supposed by all parties to have authority as trustee to do so, *held,* that the reply did not constitute a departure from the cause of action alleged in the petition.

2. TITLE—*Right to Quiet, not Defeated.*  The naked legal title to a one-third interest in real estate does not draw to the defendants the right of possession as against one having the exclusive possession under a full equitable title to the whole premises, so as to defeat the right of the latter to have his title quieted.

3. ——— *Estoppel.* Under the facts of this case, the Neves are estopped from claiming title as against Allen; and the other defendants, having purchased with notice, are in no better situation than the Neves.

*Error from Mitchell District Court.*

ACTION by *Allen* against *Neve* and others to quiet title. Judgment for plaintiff. Defendants bring the case to this court. The opinion herein, filed October 5, 1895, contains a sufficient statement of the case.

*L. J. Crans*, and *D. M. Thorp*, for plaintiffs in error.

*A. H. Ellis*, and *F. T. Burnham*, for defendant in error.

The opinion of the court was delivered by

MARTIN, C. J.: I. On March 21, 1887, John H. Allen filed his petition against John Neve and Wealthy A. Neve, alleging that he was and for a long time had been in possession of northeast quarter of southwest quarter, and northwest quarter of southeast quarter of section 27, township 6 south, of range 9 west, except the 13 acres, more or less, included in the town site of West Hampton ; that he claimed title in fee to the premises, and that the defendants claimed an estate or interest therein adverse to the plaintiff, but that said claim of the defendants was without any right, title or interest whatever in said premises, or any part thereof, and praying the court to quiet his title to said premises. Service by publication was attempted in the case, but on October 8, 1887, such service was set aside by the court, and thereupon Frank J. Kelley, J. C. McNerney and D. M. Thorp were, on their own motion, made parties defendant, and they were allowed to answer, and the case was continued for service as to John Neve and Wealthy

A. Neve. The defendants Kelley, McNerney and Thorp duly filed their separate answers, and afterward Wealthy A. Neve and John Neve filed their joint answer. The answers were of the same general import, to the effect that D. W. Spencer pre-empted said two 40-acre tracts, but died, leaving a son, Milton Spencer, and two married daughters, namely, Maria L. Huntington and Wealthy A. Neve, surviving him as his only heirs; that on May 20, 1874, a patent was issued, vesting the title in said three heirs; that by divers conveyances the undivided interests of Milton Spencer and Maria L. Huntington were vested in the plaintiff, John H. Allen, in fee, and that afterward the undivided interest of said Wealthy A. Neve was vested in the defendants, Frank J. Kelley, J. C. McNerney, and D. M. Thorp, by deed from said Wealthy A. Neve and her husband; that the plaintiff was, and ever since February, 1880, had been, in the possession of the whole tract, except 13 acres, more or less, included in the town site of West Hampton, and during the same time received the rents, issues and profits thereof, amounting to $3,000, and had wholly and wrongfully deprived the defendants of their part and portion thereof, and for a long time prior to the commencement of the action, and by the bringing of the same, denied the defendants' right to any portion of or interest in said premises, and praying for a partition of their one-third interest, and an accounting for the rents and profits.

The plaintiff's replies to said answers were to the effect that on April 21, 1875, Milton Spencer, Maria L. Huntington and Wealthy A. Neve were the owners of said land as heirs of D. W. Spencer, deceased; that on said date said Milton Spencer and wife, and the said Wealthy A. Neve and husband, sold their several

interests in said land to Catherine A. Arthur, and the said Milton Spencer and wife then executed and delivered to said Catherine A. Arthur a deed of general warranty, it being then understood, intended, and believed, between said Catherine A. Arthur, Milton Spencer and wife, and Wealthy A. Neve and husband, that the deed operated as a conveyance of the interest of Wealthy A. Neve and husband to the same extent as the estate of the said Milton Spencer, for the reason that the patent granted the title to the heirs of D. W. Spencer, deceased, and recited that Milton Spencer had made proof and payment for said heirs; and all believed that said patent constituted said Milton Spencer the trustee of said heirs, with full power to convey the interests of all, and they were so advised by counsel prior to the execution of said deed; and that said sale was the free and voluntary act of said Wealthy A. Neve and husband, who then and there received full value for the same, and they then and there considered that by said deed they sold and conveyed their interest in said land to Catherine A. Arthur; that immediately thereafter said Wealthy A. Neve and husband removed from said land to a distant part of this state, and thence to Colorado, where they have ever since remained, never asserting any right or claim to said land until May, 1887, and never exercising any control of the same; that said Catherine A. Arthur paid to said Wealthy A. Neve $500 in money as the purchase-price of her interest, and said Catherine A. Arthur was put in possession of said land by said Milton Spencer and said Wealthy A. Neve, and said Catherine A. Arthur and those holding under her have ever since been in the exclusive, peaceable, open, notorious, undisputed and continuous possession of said premises, and have ex-

41—55 KAS.

pended much money and made great, valuable and lasting improvements thereon ; that on February 11, 1880, said Catherine A. Arthur and her husband, James Arthur, conveyed said land to the plaintiff by deed of general warranty, duly acknowledged and recorded, whereby the plaintiff claimed to be the owner thereof in fee simple ; that said land at the time of defendant's conveyance to Catherine A. Arthur was not worth more than $1,000, but by reason of the money and labor expended and the improvements made thereon said property has increased to the value of $10,000 ; that said Maria L. Huntington and her husband, on April 18, 1886, conveyed to said Milton Spencer by a quitclaim deed all their right, title and interest in said land, and that said defendants, Frank J. Kelley, J. C. McNerney and D. M. Thorp, had full notice of all the rights of the plaintiff in and to said premises long before the execution of the deed by Wealthy A. Neve and husband to them, and by reason of the premise it would be inequitable and unjust to permit said defendants to assert or maintain any right, title, estate, interest or claim whatsoever in or to the real property in controversy.

The defendants below, who are plaintiffs in error, claimed in the court below that the replies were inconsistent with the petition, and constituted a departure from it ; that the petition stated a cause of action to quiet title, while the replies set forth grounds for specific performance ; and they moved the court to compel the plaintiff below to elect whether he would proceed in the action to quiet title or for specific performance, but the court overruled this motion, holding that the pleadings stated only a cause of action to quiet title. Counsel controverts this position with great earnestness and at much length. They refer to

Lord Coke as stating that "a departure in pleading is said to be when the second plea containeth matter not pursuant to his former, and which fortifieth not the the same, and therefore it is called *decessus*, because he departeth from his former plea."

The action was doubtless intended to be brought under § 594 of the code of civil procedure. All that was necessary to allege was that the plaintiff was in possession, by himself or tenant, of the real property described; that the defendants claimed an estate or interest therein adverse to him, and asking for the determining of such adverse estate or interest. It was averred in the petition that the plaintiff was the owner in fee as well as in possession. The answers were to the effect that Wealthy A. Neve was the fee-simple owner of an undivided one-third interest, and the replies must be taken to concede that she did hold the naked legal title to such one-third interest, the plaintiff claiming, however, that she had no equitable title whatever to the premises, such being wholly in him. We do not think, however, that this concession changes substantially the claim made in the petition, which need not have contained anything about the nature of the title, whether legal or equitable. The replies met fully the averments contained in the answers, substantially admitting their truth as to the legal title, but stating facts showing that it would be inequitable for the defendants to set up such naked legal title to defeat his full equitable claim to the whole premises. Neither do we think that the replies stated a cause of action for specific performance. It is not averred that Wealthy A. Neve and husband entered into an agreement, either in writing or by parol, to convey the premises to Catherine A. Arthur; but the substance of the allegation in this respect is,

that the Neves represented that the title stood in the name of Milton Spencer, who occupied the relation of trustee, and that his deed was sufficient to convey their title as well as his own ; and on this assumption they received their full share of the purchase-money, and thus the equitable title was vested in Catherine A. Arthur. We think the replies did not depart from the petition.

II. It is further contended that by virtue of the admission in the replies that the legal title to the extent of an undivided one-third interest was in Wealthy A. Neve, and, as the possession of one tenant in common is the possession of all, she and her grantees must likewise be deemed in possession, and therefore the action to quiet title will not lie. But a tenant in common may oust his cotenant, and the latter may have his remedy therefor by ejectment. (*Scantlin v. Allison*, 32 Kas. 376, 378, 379.) In this case, however, it is averred in the answer that the plaintiff was in possession of the whole tract, and had been ever since February 11, 1880, denying any right in the defendants, and this is substantially admitted by the replies. Now, as the plaintiff was in possession under a legal title to the undivided two-thirds and an equitable title to the whole estate, it cannot be said that Wealthy A. Neve was in possession merely because she had the naked legal title to an undivided one-third. Possession under a full equitable title is sufficient to give the plaintiff a standing in court. Section 594 of the code is broad and general in its terms. A person in actual possession under claim of title may have his rights adjudicated as against any adverse claimant. (*Giltenan v. Lemert*, 13 Kas. 476.)

III. We deem it unnecessary to discuss the evidence. It strongly tends to prove the substantial allegations

of the replies.    The discrepancies are unimportant. The court made very full findings of fact in substantial agreement with the averments contained in the replies, and these findings were well supported by the evidence. After the transaction between the Arthurs, the Neves, and the Spencers, it would be most inequitable and unjust to permit the Neves to claim any interest in the premises in controversy.    The transaction embraces every element of an estoppel as against them, as laid down in *Clark v. Coolidge*, 8 Kas. 189, 196.

The defendants, Kelley, McNerney, and Thorp, received their deed on or about May 23, 1887, and they stand in no better position than the Neves.    It is true they did not know of the transaction between the Neves, the Spencers, and the Arthurs, in 1873, whereby James Arthur was to have this 80-acre tract and an interest in the mill property in consideration of the transfer by him of a sawmill at Cawker City, a pair of corn-buhrs and a quarter-section of land near Cawker City, but they knew that the plaintiff below was in possession of the premises, claiming full ownership ; that his grantor had a deed from Milton Spencer and wife, purporting to convey the full title ; and that suit had been commenced by the plaintiff below for the purpose of quieting his title as against the Neves, whose adverse claim was alleged to be groundless ; for they had examined the petition in this case before the delivery of the deed to them.    They paid their money and took their chances, well knowing that the title was in dispute.

The judgment of the district court will be affirmed.

All the Justices concurring.