### MITCHELL v. BLACK EAGLE MINING CO. et al.

Errors assigned but not discussed in the briefs or oral arguments will be regarded as abandoned.

Under the Code provision that an action may be brought by any person against another who claims an estate or interest in real property adverse to him to determine such adverse claims, and Code Civ. Proc. § 678, providing that, in an action by a person out of possession to determine an adverse claim, the person making such adverse claim and persons in possession may be joined as defendants, and, if judgment be for plaintiff, he may have a writ for possession, the holder of the equitable title to land may maintain such an action, though the legal title has been transferred by him to the defendants.

Though the complaint in a statutory action to determine adverse claims was in the form of a legal action, where the subsequent

pleadings showed that the plaintiff had conveyed the legal title to defendant and held only the equitable title, such pleadings bring the case within the ordinary provisions of an equitable action to quiet title.

(Opinion filed October 4, 1910.)

Appeal from Circuit Court, Pennington County. Hon. Levi McGee, Judge.

Action by Alfred J. Mitchell against the Black Eagle Mining Company and others. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Affirmed.

*Henry Frawley* and *Chauncey L. Woods,* for appellants. *Charles W. Brown* and *J. M. Hodgson,* for respondent.

CORSON, J. This is an appeal by the defendants from the judgment entered in favor of the plaintiff and from the order overruling the defendants' motion for a new trial. The action was instituted by the plaintiff to quiet his title to "eight" mining claims, situated in Pennington county, and the complaint is in the usual form, alleging, in effect, that the plaintiff is the owner and has been the owner as against all persons, except the United States, and in possession and entitled to the possession of the following described real property and mining claims situated in said Pennington county (designating the eight mining claims), all of said mining claims being embraced in what is known as "M. S. No. 1843," the location and amended location of which said claims are recorded in the office of the register of deeds of said Pennington county (giving the book and page of the various locations). It is further alleged that the defendants, and each of them, claim an estate or interest in and to the said mining claims, and each thereof, and in and to the plaintiff's said interest therein, adverse to the plaintiff; that the said claim of the defendants, and each of them, is without any right whatever; and that the defendants, or either of them, have not any estate, right, title, lien, or interest whatsoever in or to the said mining claims. Wherefore plaintiff prays that the defendants be required to set forth the nature of said claims, and that all adverse claims of the defendants may be determined by a decree of this court, and that by said decree it be declared and adjudged that the defendants, or either of them,

have no estate, right, title, lien, or interest whatsoever in or to the plaintiff's said interest and estate, and that the plaintiff's estate be declared good and valid, and for such other and further relief as may be just and equitable.

The answers of the defendants and the counterclaims set up by each, and plaintiff's replies thereto, are very voluminous, and, in the view we take of the case, it will not be necessary to set them out or refer to them in this opinion, as the court's findings present all the facts necessary to a determination of the questions presented on this appeal.

The court, in its third finding of fact, finds as follows: "That the plaintiff is now, and was at the commencement of this action, and for a long time prior thereto, the owner, as against all persons except the United States, and in possession, and entitled to the possession," of the premises described in the complaint. The court, in its seventh finding of fact, finds as follows: "That on July 22, 1904, the plaintiff conveyed his interest in said mining claims to the defendant John W. Lapp, as trustee, for the purpose of enabling said Lapp to make application for United States patent therefor, which deed was recorded in the office of the register of deeds of said county on August 2, 1904, in Book M of Mining Deeds, at page 552. That the said John W. Lapp took and holds the mere naked legal title to said mining claims and has no beneficial interest whatever therein." And in its ninth finding the court finds: "That on the 14th day of December, 1904, the plaintiff made and delivered to the defendant Martin J. Beach a deed of his interest in said mining claims, which was recorded on the 10th of March, 1905, in the office of the register of deeds of said county in Book M of Mining Deeds, at page 627, and which upon its face was absolute in form, but in fact was intended as security for the payment of the pretended indebtedness alleged in the separate answer of said Martin J. Beach, and which therefore is found by the court to be a mortgage and intended as such."

The court in its findings, which are very voluminous, finds all the facts set out in plaintiff's replies to defendants' answers in favor of the plaintiff, and concludes from its findings: "(1) That

neither of the defendants is entitled to take anything by this action or upon the counterclaims pleaded herein, and neither of the defendants has any right, title, lien, estate, or interest whatsoever in or to the premises and property described in the complaint, or any part thereof. (2) That the defendant John W. Lapp has no right, title, or interest, either legal or equitable, in and to the premises and property described in the complaint, or any part thereof, under or by virtue of the said mining deed made to him by the plaintiff, dated July 22, 1904, and recorded on August 2, 1904, in the office of the register of deeds of said county, in Book M of Mining Deeds, at page 552, and should be required to grant and convey to the plaintiff all right, title, and interest acquired by him under and by virtue of said deed. * * * (4) That the defendant Martin J. Beach has no estate, right, title, lien, or interest whatsoever in or to the premises described in the complaint, or any part thereof, under or by virtue of that certain mining deed made by the plaintiff to Martin J. Beach, dated December 14, 1904, and recorded March 10, 1905, in the office of the register of deeds of said county in Book M of Mining Deeds, at page 167, and should be required to grant and reconvey to the plaintiff all the estate, title, right, and interest acquired by him under and by virtue of said deed." And its fifth conclusion of law is as follows: "That the plaintiff is entitled to judgment against the defendants that the defendant John W. Lapp grant and reconvey to the plaintiff all the estate, right, title, and interest acquired by said John W. Lapp in and to the premises described in the complaint; * * * that the defendant Martin J. Beach grant and reconvey to the plaintiff all the estate, right, title, lien, and interest acquired by him in and to the said premises and property described in the complaint under or by virtue of that certain mining deed made by the plaintiff to said Martin J. Beach, dated December 14, 1904. * * *" And the court concludes "that the defendants, or either of them, have not any estate, right, title, or lien or interest whatsoever in or to the said premises and property or any part thereof, and that the said title of the plaintiff is good and valid. * * *"

The defendants assign a large number of errors in which they claim that the evidence is insufficient to sustain the findings of the

court, and also numerous errors of law alleged to have occurred on the trial, but none of which are discussed in appellant's brief; but they say: "The main question involved in this case is: Can the plaintiff acquire title to property where, by his own voluntary act, he has deeded the land, conveying all his right, title, and interest in the same. * * * "

It is contended by the respondent that the various errors assigned other than the ones suggested are not discussed in the brief of counsel for appellant, and they cannot, therefore, be considered by this court.

It seems to be the settled rule in this court that errors assigned but not discussed in the brief of counsel, or oral arguments, will be regarded as abandoned. Applying this rule to the case at bar, the only question to be considered therefore is: Can the plaintiff, as equitable owner of the property, maintain this action as against defendants who hold the legal title. It conclusively appears from the findings of the court, construed together and in connection with the plaintiff's admission, that the court in its third finding intended to find only that the plaintiff was the equitable owner of the property; the legal title, at the time of the commencement of the action, being in Beach and Lapp.

This action was instituted under the provision of our Code which reads as follows: "An action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim." Code Civ. Proc. § 675.

In Burleigh v. Hecht et al., 22 S. D. 301, 117 N. W. 367, this court, in construing section 675, above quoted, says: "This section was evidently designed as a substitute for the old action formerly known as ejectment and the equitable action to quiet title, and is broader and more comprehensive than either of those actions. The general purpose and effect of this statute is to extend the remedy to cases in which, under the rules of equity, no relief could be had, either because the adverse claim was not such as to constitute a technical cloud upon the title, or because the plaintiff was not in a position to invoke the equitable jurisdiction. 17 Enc. Pl. & Pr.

290. It also extends the remedy under the old action of ejectment, as that action could only be maintained when the plaintiff was out of possession, and the defendant in possession; but under this provision.of the Code the action may be instituted by the plaintiff either in or out of possession, and when the defendant is in or out of possession. But notwithstanding this section embraces both the former action of ejectment and the action to quiet title, it cannot be said to be a legal or equitable action independently of the pleadings in the case. Whether or not the action is to be regarded as a legal or equitable action is to be determined by the pleadings."

In 17 Enc. Pl. & Pr. 290, supra, it is said: "The general purpose and effect of these statutes is to extend the remedy to cases in which by the settled rules of equity no relief could be had, either because the adverse claim is not such as to constitute a technical cloud, or because the plaintiff is not in a situation to invoke the equitable jurisdiction. In some states the statutory action is the ordinary method of trying disputed titles, even the action of ejectment being practically superseded; but in other states the action is not a possessory action.  *  *  * "

In Bausman v. Faue, 45 Minn. 412, 48 N. W. 13, the Supreme Court of Minnesota, in discussing a similar statute, says: "The statute does not indicate to which class the action is to belong. Perhaps (though we do not decide the point) it is to be deemed legal or equitable, according as the issues present legal or equitable rights or titles to be determined. In Morris v. McClary, 43 Minn. 346 [46 N. W. 238] where legal titles only were involved, it was spoken of as a legal action. It has also been regarded as equitable. It is not necessary to determine what its character is in this instance, for the facts found make out a defense equally available at law or in equity."

We are of the opinion that, under the liberal provisions of the sections of the Code above quoted, the action at bar could be maintained by the plaintiff upon his equitable title, notwithstanding the legal title had been transferred by him to the defendants Lapp and Beach.

While the action as originally instituted was apparently in the form of a legal action, the answers of the several defendants thereto, and plaintiff's replies to the same, clearly bring it within the ordinary provisions of an equitable action to quiet title.

Taking this view of the provisions of the Code in connection with the findings of the court, the action is one clearly arising under the statute. As stated in the Minnesota case, above cited, the provisions of the Code are not limited to either legal or equitable actions, and it would seem to be a fair construction of the section that it was intended by these provisions that the same should be applicable to all actions brought to quiet title, whether the plaintiff was, at the time of the institution of the suit, the legal or equitable owner of the property described in the complaint. This appears quite conclusively from the provisions of section 678 of the Code of Civil Procedure, in which it is provided that: "In an action brought by a person out of possession of real property, to determine an adverse claim or an interest or estate therein, the person making such adverse claim and persons in possession may be joined as defendants, and if the judgment be for the plaintiff he may have a writ for the possession of the premises, as against the defendants in the action, against whom the judgment has passed."

No limitation having been made as to the nature of plaintiff's ownership as to being legal or equitable, which would entitle him to maintain the action, this court would not be justified in interpolating such limitation.

The learned counsel for the appellant have called to our attention a number of decisions sustaining their contention that, inasmuch as the plaintiff did not have the legal title, and that the same was vested in Lapp and Beach, this action cannot be maintained; but these decisions, in the view we take of them, are not applicable to the case at bar. It is true that in the California decisions the learned Supreme Court of California seems to have taken that view of their section of the Code, which is substantially the same as the section of our Code above quoted; but the decisions of that court in the later cases, while not overruling in

terms their earlier decisions, have held, it seems to us, that such holding is inconsistent with their earlier decisions.

In the case of Cillins v. O'Laverty, 136 Cal. 31, 35, 68 Pac. 327, 328, that learned court, in its opinion in discussing the law, says: "In the application of this rule 'the difference between legal and equitable estates is of no practical importance. They are both estates originating by law, and held under law, and in that sense are legal estates.' Watson v. Sutro, 86 Cal. 500 [24 Pac. 172, 25 Pac. 64], cited in Tuffree v. Polhemus, 108 Cal. 676, 677 [41 Pac. 806]. There is therefore no room, in a case such as this, for any distinction between legal actions brought on the title and equitable actions brought to recover property of which the legal title, as well as the possession, is in another. * * * If the right exists, then the right of action exists; and it will make no difference if, in order to recover property to the possession of which the estate is entitled, it should become necessary to cancel a voidable deed, or otherwise—according to the equity practice—to dispose of an outstanding legal title. And this on principle must obviously be the case. For with us there is but one jurisdiction, and one form of action, for rights legal and equitable. Both classes, when asserted, are, as the occasion demands, regarded as equally real, or as equally unreal; that is to say, on the legal side of the court the legal title is alone regarded, and on its equity side the equitable title only, the legal title being regarded as nonexistent, except in so far as may be necessary to effectuate the equitable right. So that, with regard to actions, the distinction between legal and equitable rights has, for most purposes, become obliterated, and the distinction is now no longer significant except as determinative of the nature of the action and of the mode of trial and the character of the pleadings."

No beneficial purpose would be served by a review of the numerous cases cited by the appellant, and, as before stated, in our opinion they have but little, if any, application to the case at bar.

We are clearly of the opinion that the court was right in its conclusions that the plaintiff was entitled to maintain the action

as such equitable owner of the property, and that the judgment of the court below and order denying a new trial should be affirmed.

Finding no error in the record, the judgment of the court below is affirmed.