(No. 1573, April 28, 1914)

HURIM. M. MILLER, Appellee, vs. LILLIE C. KLASNER, Appellant.

### SYLLABUS BY THE COURT.

1. It is a familiar and fundamental rule that a court can make no decree affecting the rights of a person over whom it has not obtained jurisdiction, or between the parties before it, which so far involves or depends upon the rights of an absent person, that complete and final justice can not be done between the parties to the suit without affecting those rights. Held, in a suit to enjoin A from interfering with a certain ditch and the distribution of water therefrom, where A was acting under authority of B, not a party to the suit, and who owned an interest in the ditch, and conducted water through the same for the irrigation of her lands, that B was a necessary party to the suit, as complainant's right to the relief depended upon an adjudication of his right to the use of the ditch and water as against B.

P. 25

2. The general rule is, that a defendant must take advantage of the defect of parties defendant by demurrer or

answer, failing in which the objection is waived, but this rule does not apply to an indispensable party, and where the court may not proceed to a decree or judgment without his presence.

P. 26

3. A default judgment will be set aside as irregular, when it appears that the real party in interest was not made a party defendant.

P. 26

Appeal from the District Court of Lincoln County. Edward L. Medler, Presiding Judge. Reversed and remanded.

RENEHAN & WRIGHT, Santa Fe, N. M., for Appellant.

Court erred in denying Defendant's motion to vacate and set aside final decree. Sub-Secs. 145, 154, 157, of Sec. 2685, C. L. 1897; 23 So. 22; 45 Ga. 28; 11 Mo. 438; 70 N. Y. Sup. 819; 23 Ency. 934; 30 Cent. Digest, Secs. 705 to 711, inc.; 70 N. J. L. 185; 56 Atl. 135; 1 How. Pr. N. Y. 14; 110 N. C. 466; 15 S. E. 97.

Final decree entered by court on Aug. 5, 1912, before statutory 20 days had elapsed and without notice to appellant was irregular. 3 Ill. 61, 62.

Final decree entered Aug. 5, 1912, is irregular in that it attempts to adjudicate rights of third persons not parties to this action. 117 Pac. 844; 43 Mo. 309; 48 Ky. 39; 23 Cyc. 926; 30 Cent. Digest, Sec. 694; 5 Kan. 90; 117 Wis. 68; 184 U. S. 235; 10 Tex. C. App. 114.

Final decree is not supported by the evidence. 16 N. M. 86; 113 Pac. 848; 8 N. M. 67-68; 130 U. S. 482; 4 Ency. L. & P. 679-680.

GEORGE B. BARBER, Lincoln, N. M., Attorney for Appellee.

Court did not err in denying Defendant's motion and setting aside final decree. Cyc. V. 23, pp. 695-696, 916,917; Sub-Secs. 178, 179, Sec. 2683, C. L. 1897; I Greene (Ia.) 394; 47 Ill. 459; 2 Johns. Ch. (N. Y.) 205; 3 Edw. (N. Y.) 478; 66 N. C. 381; 1 Heisk. (Tenn.) 524; Daniel's Ch. Pr. V. 2, Perkins Ed., p. 1030.

Notice. 114 Ind. 560; 25 Fed. Cas. 1140; 75 Ala. 546; 31 Cal. 160; 88 Mo. 37; 47 How. Pr. 1; 34 Ga. 297; 29 Ill. 553; 86 Md. 335; 78 Md. 231; 8 Ben. U. S. 52; 102 U. S. 263; 9 Fed. 258; 5 Cent. Digest S. 92; 31 Ga. 34; 10 Tex. 525.

### APPELLANT'S SUPPLEMENTAL BRIEF.

Default Judgment. Chap. 26, Laws 1905; Sub-Sec. 137, Sec. 2685, C. L. 1897; 39 Minn. 73; 29 Cal. 424; 38 Pac. 512; 46 Ia. 262; 99 Cal. 425; 20 Cal. 92; 27 Cal. 99; 78 Cal. 34; 69 Ia. 710; 8 Hun 65; 30 Cent. Digest, Sec. 233.

No decree could have been entered under pleadings without such decree injuring rights of third parties. 184 U. S. 235; Sec. 37, Chap. 57, Laws 1907.

Application to open decree not to be entertained on behalf of one not a party to suit. 16 Cyc. 507; 19 Cent. Digest, Sec. 1042; 44 Ill. 494.

To Vacate Erroneous Judgment. 11 L. R. A. 372; 17 L. R. A. 606.

Duty of Court. Sec. 2999, C. L. 1897; 16 N. M. 81.

### APPELLEE'S SUPPLEMENTAL BRIEF.

Decree. 1 Paige, N. Y. Ch. Rep. 263; 1 Johns. Ch. N. Y., p. 200; 1 Barb. N. Y. Ch., p. 596.

Where there has been no formal service on defendant and court acquires jurisdiction through unauthorized appearance of attorney, defendant will be relieved from any injury he may suffer. Cyc. V. 4, p. 926.

### OPINION OF THE COURT.

ROBERTS, C. J.—Appellee instituted this action in the district court of Lincoln County, to enjoin appellant from interfering with his right to the use of a stated amount of the water flowing through an irrigation ditch, known as "the School Land Ditch," through which water was diverted from the Rio Hondo for the irrigation of appellee's lands, and certain lands alleged to be under the control of appellant. The prayer was for a determination of the rights of the parties in and to said waters, and an allotment of the use thereof upon certain days of each

week; an injunction against appellant restraining her from interfering with the water during the time appellee was awarded its use, and for general relief. Appellant answered, denying generally the allegations of the bill. She also filed a cross complaint, by which she asked for affirmative relief against appellee. A referee was appointed by the court to take the testimony and report the same to the court. Such referee served notice of the time and place of hearing by mailing to the attorney of each party a written notice thereof. Appellant's attorney, George W. Pritchard, Esquire, who resided in Santa Fe, received the said notice, and immediately notified the referee that he would not be able to be present at the time fixed, by reason of previous engagements. He also stated that he would notify his client, so that she could make other arrangements. The referee thereupon mailed a notice of the time and place of hearing to the appellant, by registered mail, but this notice was missent by the postoffice authorities to Roswell, N. M., and appellant did not receive the same until some time after the hearing. Appellant denied receiving any information from her said attorney of his receipt of said notice and inability to be present. At the time and place appointed, or an adjourned date, the referee proceeded to take the testimony, and reported the same to the court. The court, upon motion, and without notice to appellant proceeded to consider the testimony so taken, and the referee's report, and rendered judgment thereon.

By its judgment the court awarded and decreed to the appellee a two-thirds interest in said ditch and all the water flowing therein, and to Ellen Casey, mother of appellant, not a party to the suit, a one-third interest in said ditch and all the water flowing therein. Thereupon the court proceeded to and did apportion the use of said water between the appellee and Ellen Casey, specifying the days of each week when each party should have the right to the use of the water. Appellant was perpetually enjoined from interfering with said ditch, or the use of the water which was awarded to appellee. From the record before us it is apparent that appellant was, either the agent of

her mother, Ellen Casey, or was a tenant in common with
her mother and others in and to the lands over which
she exercised supervision and control.

Within a few days after the judgment was entered, ap-
pellant moved the court to set the same aside for divers
reasons, stated in her motion. This motion was overruled,
and the cause was removed to this court by appeal.

Appellant contends that the court should have vacated
the decree, because she had no opportunity to defend her
rights. Waiving this question, however, the judgment in
question should have been set aside, because it appears
from the decree itself that Ellen Casey was a necessary
and indispensable party to the action. It is a familiar
and fundamental rule that a court can make no decree
affecting the rights of a person over whom it has not
obtained jurisdiction, or between the parties before it,
which so far involves or depends upon the rights of an
absent person, that complete and final justice can not be
done between the parties to the suit without affecting those
rights. Shields et al. vs. Barrow, 17 How. 130. In this
case appellee's right to the relief which he sought neces-
sarily depended upon a determination of his right to the
use of the ditch and water as against Ellen Casey, or the
principals, represented by appellant. Until this right was
determined the court could not rightfully enjoin appellant
from using the water, as the representative of these absent
parties. The injunction was necessarily predicated upon
the prior determination of these rights. The interest of
Ellen Casey was necessarily so interwoven with the inter-
ests of the parties to this suit, that no decree could pos-
sibly be made, affecting the rights of those before the
court, without operating upon her interest. Such being
the case she was an indispensable party, without whom the
court could not lawfully proceed. C. S. M. Co. vs. V. &
G. H. W. Co., 1 Sawyer, 685. When this fact was devel-
oped by the evidence, even though it had not been raised
by the pleadings, the court should have taken notice of
the same and have directed that the cause stand over, in
order that such party could be brought in. As was said
by the Massachusetts Supreme Court, in the case of

Schoerer vs. Boylston Market Association, 99 Mass. 285:

"If there be an omission of an indispensable party, so that a complete decree can not be made without him, the court will itself, *ex mero motu,* take notice of the fact, and direct the cause to stand over, in order that such new party may be added."

While it is true, the general rule is that a defendant must take advantage of the defect of parties by demurrer or answer, failing in which the objection is waived, still this rule does not apply to an indispensable party, and where the court may not proceed to a decree or judgment without his presence. Peck vs. Peck, 33 Col. 421; Dennison vs. Jerome, 43 Col. 456.

The only remaining question then is, whether the objection that there is the want of a necessary and indispensable party, can be taken after a judgment by default, by motion to set aside the judgment. This question was answered in the affirmative by the Supreme Court of Texas, in the case of Ebel vs. Bursinger, 70 Tex. 120. The court say:

"The court should not render a judgment, there being the want of a necessary party to a suit. The defendant in such a case has a right to presume that the court will not enter an erroneous judgment against him, and hence should not be held in default until the necessary party is brought before the court. If judgment by default be taken, it should be set aside upon motion; and in case the motion be overruled it will be reversed upon appeal or writ of error."

See also Monday vs. Vance, 32 S. W. 559, and Black on Judgments (2nd Ed.), Section 326, where the author says that a judgment taken by default will be set aside as irregular, when it appears that the real party in interest was not made a party defendant.

This being true, the trial court should have sustained appellant's motion to vacate and set aside the judgment. For its failure so to do the judgment must be reversed and the cause remanded, with instructions to sustain the motion to vacate the judgment, and to proceed no further until the necessary parties are made parties defendant by

amendment, and that upon appellee's failure to do this the suit be dismissed, unless by amendment issue can be joined, that the rights of others will not be affected by the judgment, and, it is so ordered.