188 P.2d 169

**SULLIVAN v. ALBUQUERQUE NAT. TRUST & SAVINGS BANK OF ALBU- QUERQUE et al.**

No. 5032.

Supreme Court of New Mexico.

Oct. 4, 1947.

Rehearing Denied Dec. 29, 1947.

William T. O'Sullivan, of Albuquerque, for appellant.

Simms, Modrall, Seymour & Simms and Martin A. Threet, all of Albuquerque, for appellees.

SADLER, Justice.

We are asked to reverse a judgment of the district court of Bernalillo County dismissing for want of indispensable parties the suit of plaintiff (appellant) seeking an adjudication that certain real and personal property standing in his wife's name at the time of her death was community property rather than her separate estate and, hence, his by right of full ownership.

Evelyn Clark Sullivan, the deceased wife of the plaintiff, died on March 2, 1944, at Albuquerque, N. M., after a marriage to him in the state of New York which had continued uninterruptedly from its date on July 28, 1918, until the time of her death. Soon after the plaintiff's marriage, he entered the Army of the United States and served in World War I. Due to the fact that he was an incompetent upon his dis-

charge from the Army in 1919, and having continued such, some years later and on October 8, 1934, the probate court of Cook County, Illinois, appointed the wife guardian of his estate. As such she collected over a considerable period of time certain veteran's benefit funds, such as monthly pension and compensation or disability benefits, belonging to him.

About the year 1921, during the residence of the husband and wife in Albuquerque, she acquired title to a certain piece of improved real estate, which they occupied as a home; also the furniture, furnishings and household effects therein and, as well, the sum of one thousand ($1000) dollars in cash, at the time of the wife's death, stood to the credit of an account in her name in Albuquerque Trust and Savings Bank in Albuquerque. Following her death, a last will and testament which she executed in her lifetime was probated at Kenosha, in the state of Wisconsin. Northwestern Loan and Trust Company of Kenosha in that state was named executor of the will as well as trustee of decedent's estate and duly qualified as such. Subsequent to the probate of the will and on June 9, 1944, Albuquerque National Trust and Savings Bank of Albuquerque, New Mexico, was appointed ancillary administrator with the will annexed in Bernalillo County, New Mexico, and duly qualified as such. Under the terms of the will the following persons

were named either as a legatee, cestui que trust, remainderman, contingent remainderman or trustee, to-wit: Mildred Coulson, Lester F. Clark; Northwestern Loan and Trust Company; Edward Thomas McGuire, an Incompetent; Lillian Clark; Christian Science Benevolent Association of Boston and Theodore Sullivan, the plaintiff herein.

The original complaint was captioned, as to plaintiff, when filed: "Theodore Sullivan, an Incompetent Person, by William T. O'Sullivan as Ancillary Guardian of his Estate." William T. O'Sullivan, appearing as attorney for the plaintiff, had succeeded by appointment to ancillary guardianship of plaintiff's estate in New Mexico a short time after the death of the plaintiff's wife, she having filled the office of general guardian of his estate, under an appointment in Illinois, as aforesaid, for approximately ten years prior to her death.

The original complaint consisted of two causes of action, the first alleging that the real estate had been purchased with the proceeds of veteran's benefits of the plaintiff and that, contrary to an understanding between the parties, the title was taken in the wife's name; that it and the furniture, furnishings and household effects, likewise purchased with funds belonging to the plaintiff, constituted his separate estate. It contained the further allegation that the funds deposited in the Albuquerque bank to the credit of plaintiff's wife, as aforesaid, consisted of commingled proceeds of veteran's benefits belonging to plaintiff plus rentals received from said real estate and constituted community property of the two spouses. The defendant bank, as administrator with the will annexed of testatrix, was charged to have taken wrongful possession of all this property under a claim that it was separate estate of decedent. And as a second cause of action, the plaintiff repleaded all paragraphs of the first cause of action and in an added paragraph set up a confidential relationship to have existed between the parties, the receipt by the wife of the funds aforesaid and their investment in the properties mentioned, taking title in her own name.

The plaintiff prayed (1) that a decree be entered declaring all said property and funds to belong to him and calling upon defendant bank, administrator as aforesaid, to account to plaintiff therefor and for the rents and profits thereof; or, in the alternative, (2) that a trust be impressed upon all of said property in plaintiff's favor to the full extent his funds could be shown to have been wrongfully invested therein—and for general relief.

The answer of the Albuquerque Trust and Savings Bank as administrator with the will annexed consisted largely of general denials but with an affirmative plea, nevertheless, showing disposition of all

funds received from the government of the United States for support of herself and husband and for expenses of guardianship. It further alleged that she had fully and finally accounted in the guardianship proceeding in Illinois up to and including the 31st day of January, 1944, and that there were no funds whatever on hand unexpended belonging to the plaintiff on said date.

In the meantime, an offer to purchase the real estate involved together with the household furniture, furnishings and personal effects in the residence located thereon for the stated price of $5500 less a realtor's commission of five (5%) per cent. having been made, a written stipulation, signed by or on behalf of Albuquerque National Trust and Savings Bank, ancillary administrator aforesaid and Theodore Sullivan, Incompetent, by attorneys thereunto duly authorized and approved by the court, was filed with the papers in the case. Under its terms the real estate and personal property were to be sold and converted into cash and the net proceeds held by the bank as ancillary administrator, subject to the condition that:

"* * * said net proceeds shall be treated as though they were the real and personal property unsold and such rights as the incompetent and his Ancillary Guardian may be determined to have, shall be by all parties treated as transferred to said net proceeds to the end that the purchasers may receive a clear and marketable title."

At this stage of the proceedings below, Albuquerque National Trust and Savings Bank, then the sole defendant, moved a dismissal of the complaint filed because of the absence of indispensable parties, to-wit, the parties hereinabove named as either a legatee, cestui que trust, remainderman, contingent remainderman or trustee whose interests would be adversely affected, it was said, should the claim of sole ownership by Theodore Sullivan, Incompetent, of the property and estate assertedly left by testatrix be established. Following argument on the motion, and on March 13, 1946, an order sustaining same was entered by Judge Henry G. Coors, senior judge of the Second Judicial District, then presiding in the trial of said cause. The order granted the plaintiff twenty days within which to amend by bringing in as defendants the parties held to be indispensable, in default whereof the complaint was to stand dismissed.

The next day after entry of the order sustaining the motion to dismiss, an amended complaint was filed in which all parties held indispensable were joined as parties defendant. Except to join the added parties as defendants and to institute the suit in his own proper person as plaintiff rather than as an incompetent by the ancillary guardian of his estate, the amended

complaint in its allegations was substantially the same as the original complaint. The defendant, Albuquerque National Trust and Savings Bank, aswered the amended complaint. The remaining defendants who had been joined as indispensable parties by the amended complaint, all appeared specially and joined in a motion to quash service of process on each and to dismiss the complaint for lack of jurisdiction over subject matter of the suit and of the persons of said defendants. This motion was duly argued and on January 16, 1947, the court entered its order quashing service of process on the non-resident defendants which had been made by personal service outside the state and dismissing the complaint as to all defendants. This appeal followed

■ We think the trial court erred in holding that the absent and non-resident defendants were indispensable parties to an adjudication of the plaintiff's claim to ownership of the personal property in the possession of testatrix at the time of her death. This consisted of the furniture, furnishings and household effects as well as the sum of one thousand ($1000) dollars in cash standing to the credit of her account in Albuquerque Trust and Savings Bank when she died. See York v. American Nat. Bank, 40 N.M. 123, 55 P.2d 737; 34 C.J.S., Executors and Administrators, § 740b, p. 766, and 21 Am.Jur. 904, §§ 939 and 940, Id. The author of the text in American Jurisprudence last cited, states:

"An executor or administrator usually is deemed to represent the beneficiaries entitled to the personal estate in all suits and actions in reference thereto to such an extent that it is unnecessary that they be joined as parties."

■ As to the real estate, a different rule prevails. In litigation affecting the title to, ownership of, or interest in, real estate the heirs and devisees are usually regarded as indispensable parties. 34 C.J. S., Executors and Administrators, § 741, p. 768; 21 Am.Jur. 902; Cf. Burguete v. Del Curto, 49 N.M. 292, 163 P.2d 257. This conclusion, however, does not settle the question before us, even though it relieves of error the trial court's action in sustaining the first motion to dismiss for absence of indispensable parties, if error it was as to all of the parties named. Certainly, as to any of the property specifically bequeathed by the will, real or personal, or whether so or not, as to any property left by testatrix and claimed by plaintiff whose sale might be required to satisfy bequests or legacies, the affected beneficiaries would be indispensable parties. They were entitled to their day in court and the trial court did not err in requiring their joinder.

■ After joinder of the absent defendants, all of whom save the Christian

Science Benevolent Association of Boston, Massachusetts, were brought in by personal service outside the state, the equivalent of service by publication under 1941 Comp., § 19-101(4k) all non-resident defendants including Christian Science Benevolent Association, not served, appeared specially as above noted and joined in the motion to quash service and dismiss the complaint upon the ground that the action was one in personam either to cancel the aforementioned deed or to reform same. If it was, of course, neither personal service outside nor service by publication within the state would give 'the court jurisdiction over the persons of the non-resident defendants. The chief question, then, is whether the plaintiff's complaint is accurately appraised as one in personam as to the real estate. The defendants mainly rely on our former decision in State ex rel. Truitt v. District Court, 44 N.M. 16, 96 P.2d 710, 126 A.L.R. 651. See, also, Rosser v. Rosser, 42 N.M. 360, 78 P.2d 1110.

We think neither case is decisive of this one. Stripped of unessential allegations and verbiage, whatever else it may be said to contain in the way of efforts at reformation or the impression of a lien on real estate, the complaint does have allegations sufficient to enable it to withstand the motion to dismiss, treated as a complaint in a suit to quiet title to real estate. As much cannot be said of the complaints in the Truitt and the Rosser cases, cited above, the allegations of which more properly classified each as an action in personam, as we held. The death of the wife having been shown, and the names and residences of the absent defendants set up, plus an allegation as to each that such defendant "claims or pretends to have some interest in and to the real * * * property" described, we note these additional allegations from the amended complaint, in the case at bar, to-wit:

"Ninth: That in or about the year 1921, plaintiff and his wife aforesaid became domiciled in the City of Albuquerque, County of Bernalillo, State of New Mexico, and acquired during such domicile the following improved real property in said city, county and state, to-wit: The South Eighty-one (81) feet of Lots Eleven (11) and Twelve (12) of Block Thirty-eight (38) of the Terrace Addition to the City of Albuquerque, County of Bernalillo, State of New Mexico, according to the Map thereof filed in the office of the Recorder of Bernalillo County on November 15th, 1920; and being also the house and lot designated as No. 319 South Sycamore Street, in said city, county and state; * * *

"Tenth: That the real property aforesaid was purchased by plaintiff and his wife aforesaid with funds belonging to plaintiff, including accumulated and monthly pension or compensation or disability

benefits paid to said wife as committee or guardian of the person and estate of plaintiff during plaintiff's incompetency adjudged to be such at the instance of and upon the petition of said wife, and title to said real property, without the knowledge or consent of plaintiff, was taken by said wife in her own name individually and contrary to an express understanding and agreement between plaintiff and his said wife that title thereto should be, and was being and at all times would be, taken, held and maintained in the names of plaintiff and his said wife as joint tenants, and the survivor of them; * * *

"Eleventh: That defendant Albuquerque National Trust and Savings Bank of Albuquerque, New Mexico, has taken possession of all the property aforesaid, both real and personal, and said defendant claims that plaintiff has no right, title or interest therein or thereto, and further claims that the same constitutes the sole and separate estate of said deceased subject to disposition and distribution under the Last Will and Testament aforesaid; that such claims of said defendant, and the claims and pretensions of the several defendants, and each of them, herein, are without right or equity and wholly false in law and in fact, and plaintiff as the surviving husband of said deceased is now and at all times since the death of his said wife has been the owner of and entitled to the possession of all such property, both real and personal,

and to the rents and profits thereof since the death of his said wife.

"Twelfth: That plaintiff has no adequate remedy at law."

The plaintiff's pleading closed with ·a prayer "that a decree be * * * entered * * * adjudging plaintiff to be the sole owner of the real * * * property" described and for "such other and further relief as (the) court may deem just and equitable."

■ The foregoing allegations make of plaintiff the full beneficial owner of the real estate described and of the personal property, also, as for that matter. The equitable ownership of real estate is sufficient to support a suit to quiet title thereto. Under topic "Quieting Title," see 51 C.J. 168;· 44 Am.Jur. 36; Abeyta v. Tafoya, 26 N.M. 346, 192 P. 481; Albarado v. Chavez, 36 N.M. 186, 10 P.2d 1102; McDaniel v. McDaniel, 36 N.M. 335, 15 P.2d 229.

■ It does not require citation of authority to support the proposition that constructive service suffices to bring the defendants before the court for purposes of the decree in a suit to quiet title. Nor can we refrain from observing the anomalous situation to result, if it could be said a claimant to full ownership of either real or personal property located in this state, could not have his claim adjudicated here because, perchance, of the non-residence

464

of other claimants to rights or interests in such property on whom the resident claimant could not secure personal service in New Mexico.

In sustaining defendant's second motion to dismiss, the trial court seemingly sensed no distinction between the rule to be applied in determining the effect of plaintiff's action as related to the real estate and as related to the personal property. If the non-resident defendants were indispensable to adjudicate rights claimed by plaintiff in the real estate, by the same token they must be deemed so as to the personal property. But there was this distinction. Presence of the deceased's personal representative as ancillary administrator and a defendant brought before the court all beneficiaries of the estate by way of representation, so far as the personal property was concerned. However, not so as to the real estate as shown by the authorities hereinabove cited. Nevertheless, the absent defendants became subject to joinder through constructive service, as we have held.

■ But, say counsel for defendants, the plaintiff waived error in the ruling by failing to except to the first order on motion to dismiss for absence of indispensable parties and then standing on the ruling. In other words, by amending and joining them, rather than suffering a dismissal and appealing, the plaintiff has

waived error in the ruling, citing Salazar v. Garde, 37 N.M. 352, 23 P.2d 370 and Carroll v. Bunt, 50 N.M. 127, 172 P.2d 116. The doctrine relied upon has no application in the face of the claimed absence of indispensable parties. In the second syllabus by the court in Miller v. Klasner, 19 N.M. 21, 140 P. 1107, 1108, the rule is thus stated, to-wit:

"The general rule is, that a defendant must take advantage of the defect of parties defendant by demurrer or answer, failing in which the objection is waived, but this rule does not apply to an indispensable party, and where the court may not proceed to a decree or judgment without his presence."

■ Nor can it make any difference that, pendente lite, the real estate was sold along with all personal property not already in the form of cash and thereby itself converted into personal property as cash. The stipulation under which the sale took place, signed on behalf of the plaintiff as well as defendant, Albuquerque National Trust and Savings Bank as ancillary administrator, the only parties then before the court, specifically provided that the net proceeds of sale should "be treated as though they were the real and personal property unsold" and that such rights as the two parties were determined to have should be "by all parties treated as transferred to said net proceeds", to the end

that the purchasers might receive a clear and marketable title.

The effect we give this stipulation avoids consideration and decision, on the one hand, of plaintiff's contention that transmutation of the real estate into personal property removes real estate as a controlling factor in determining indispensability of absent defendants and, on the other hand, of defendant's claim that the stipulation does not enter the equation because not a part of the pleadings, on which alone judgment was rendered and for such reasons never considered by the trial court. Nor does it matter that the values of the real estate and personal property thus far have not been segregated by the trial court. Upon further proceedings following remand, if deemed essential, this detail can be taken care of. Likewise, we have not given weight to the circumstance that the plaintiff is a beneficiary under the will and in this action claims the entire property of the estate. If, as contended by counsel for defendants, renunciation of rights under the will is to be deemed a prerequisite to maintaining this suit, we can think of no stronger proof that renunciation has occurred than the claim asserted herein.

It follows from what has been said that the judgment under review must be reversed and the cause remanded for further proceedings consistent and in conformity with the views here expressed.

It is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.

On Motion for Rehearing.

SADLER, Justice.

The defendants (appellees) have moved for rehearing setting up grounds therefor which resolve themselves into two claims of error. First, it is said that in holding the plaintiff's complaint good as one to quiet title to real estate, we have adopted a theory foreign to that employed by the trial court and advanced by the plaintiff both below and before this court. Next, it is claimed we have ourselves determined in the opinion filed that the plaintiff is the equitable owner of the property described in the complaint rendering it only necessary for the plaintiff, after remand, to exhibit a copy of our opinion and move entry of judgment in his favor.

The error in interpretation indulged by counsel in advancing the second ground is so obvious that we first shall demonstrate its fallacy. In our opinion already filed we quoted at considerable length allegations of the plaintiff's complaint which, if true, would vest in him equitable ownership of

both the real estate and personal property involved. Accordingly, we followed the quotation with this observation, to-wit:

"The foregoing allegations make of plaintiff the full beneficial owner of the real estate and of the personal property, also, as for that matter."

It never occurred to us that this language could be interpreted as a judicial fiat, relieving the plaintiff of the necessity of proving what he alleged. It has been mistakenly so construed by counsel for defendant. Hence, we now affirm what we think the language as it stands obviously imports, namely, that the allegations made, *when proved,* make of the plaintiff full beneficial (equitable) owner of the property involved. If the language quoted permissibly could bear the meaning ascribed to it by counsel, and we think it cannot, to the extent that it does, the same is here and now utterly repudiated.

■ The claim is made and argued with much vigor that before the plaintiff can maintain a suit to quiet title as equitable owner of the real estate involved he first must establish in a separate suit that he is such equitable owner as the beneficiary of a constructive trust; that in such suit he would be compelled to secure personal service on the defendants as one to enforce a trust. We find no justification in the authorities for this claim. The decisions support the conclusion that the facts establishing a plaintiff as equitable owner may properly be proved as the basis of a decree in his favor in the suit to quiet title. Polson Sheep Co. v. Owen, 110 Mont. 601, 106 P.2d 181; Neve v. Allen, 55 Kan. 638, 41 P. 966; Hunt v. Hunt, 307 Mo. 375, 270 S.W. 365; Mitchell v. Black Eagle Mining Co., 26 S.D. 260, 128 N.W. 159, Ann.Cas. 1913B, 85; Casstevens v. Casstevens, 227 Ill. 547, 81 N.E. 709, 118 Am.St.Rep. 291. The plaintiff relying on an equitable title may fail in his proof in which event the decree will go against him. However, this fact in no way argues against his right to maintain the suit.

■ It is also argued with great earnestness, that we have unwarrantably held the complaint states a cause of action to quiet title to real estate because contrary to the theory urged below and adopted by the trial court. There is more than a grain of truth in this contention. Nevertheless, having found it necessary to reverse and remand the cause in any event by reason of error in the trial court's ruling as to presence of the non-resident defendants for purpose of testing ownership of the personal property, we feel it in the interest of justice to declare what our examination of the complaint discloses, namely, that allegations sufficient to state a cause of action in a suit to quiet title to real estate appear therein.

After all, the resident defendant, Albuquerque National Trust and Savings Bank as a representative of the non-resident defendants, has filed an answer joining issue with the plaintiff in the latter's claim to ownership of the personal property and of the real estate as well, as for that matter, although as to the real property we have held the non-resident defendants themselves must be brought in and may be by substituted service, viewing the complaint as one in a suit to quiet title so far as the real estate be concerned. Obviously, an ancillary administrator having already joined issue as to ownership of the personal property, the claim to both types of property should be heard and determined in the one and present suit, with all interested parties before the court, even though in permitting it, we depart somewhat from the theory employed below in appraising the complaint. It is a construction of same supported by allegations found therein, altogether apart from the prayer. Any contrary holding, for all practical purposes, would render the plaintiff remediless. The beneficiaries under the will reside in four different states. If in the kind of suit counsel insists should be brought and would have us hold the complaint herein alone to assert personal service be necessary, as they claim, then plaintiff could never bring all objecting defendants into court in a single suit so far as the real estate be concerned. He can do so in a suit to quiet title instituted in New Mexico. The amended complaint states a cause of action viewed as such. Under such conditions, we will not say to plaintiff, suing in New Mexico where both the real and personal property are located, that although he may have a right, he is without a remedy.

The motion for rehearing will be denied and it is so ordered.

BRICE, C. J., and LUJAN, McGHEE, and COMPTON, JJ., concur.