[Boyd & Co. v. Jones & Pope.]

# Boyd & Co. *v.* Jones & Pope.

|  96  | 305 |
|------|-----|
| 103  | 300 |

*Action on Contract under Seal, for Payment of Money.*

1.  *Application of payments; rule as to, and burden of proof.*—Where a mortgagee has applied the proceeds of a sale of the mortgaged property to the payment of any other debt than that secured by the mortgage, the burden rests upon him to show that the mortgagor consented to such application, or ratified it; as it is the duty of the mortgagee, in the absence of an agreement with the mortgagor, to apply the proceeds of such sale to the mortgage debt.

2.  *Stipulation for attorneys' fees.*—A stipulation in a mortgage contract for the payment of reasonable attorney's fees incurred in its enforcement is valid; but the mere bringing of a suit for the enforcement of the contract does not, without other proof, authorize a recovery under such stipulation.

3.  *Charge on part of the evidence.*—A charge which ignores any material conflicting or qualifying evidence, or a material fact which may legitimately be inferred from other proven facts, is necessarily misleading, and is erroneous.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. H. C. SPEAKE.

This was an action by Alston Boyd and C. E. Tucker, suing as partners composing the firm of A. Boyd & Co., against Alvin N. Jones and John A. Pope, partners composing the firm of Jones & Pope, and was commenced September 6, 1890. The complaint, as amended, claimed twenty-five hundred dollars "due by bond executed by the defendants on the 27th day of May, 1889, payable at the plaintiff's office in Memphis, Tennessee, on the 1st day of December, 1889, with interest thereon," less two credits aggregating $1,219.27-100, and 'reasonable attorneys' fees in this suit, as per contract executed with and as part of the contract and note upon which this suit is founded."

The contemporaneous agreement, which is described in the opinion, contained the following stipulation: "We further agree that should this obligation not be performed by us, and should the said A. Boyd & Co., upon such default, place the same and the note hereinabove mentioned, one or both, in the hands of an attorney for collection, that we will pay the reasonable charges of such attorney for such services." On the evidence adduced, the court, in its general charge to the jury, instructed them as follows: "I charge you, that under the terms of the written contract in evidence the

[Boyd & Co. v. Jones & Pope.]

plaintiffs were bound, and it was their duty, to apply the proceeds of the cotton shipped to them by defendants, in the first instance, to the payment and discharge of the storage and $2\frac{1}{2}$ *per cent.* commissions, and so much of the remainder of the proceeds from said proceeds of the sale of cotton as would pay said note and interest thereon, to the bond or note sued on in this case. And if the jury believe from the evidence that defendants had shipped enough cotton to plaintiffs, which when sold amounted to enough to pay said storage and commissions and also the note and interest thereon, then it was their duty to apply the proceeds arising from sale of said cotton to the payment of said storage and commissions and note sued on and interest, unless said contract had been changed or altered; and the burden was upon plaintiffs to show such change or alteration." The plaintiffs excepted to this portion of the court's general charge, and also separately excepted to each of the following written charges given at the request of the defendants : "(6.) I charge you, gentlemen of the jury, that the written contract in evidence between the parties to this cause provides that the cotton was to be placed as a credit upon the note, and unless A. Boyd & Co. have shown by a preponderance of evidence that said written contract was afterwards changed by agreement between the parties, then you will find for defendants, Jones & Pope, if you find enough cotton was delivered to pay the debt." "(7.) If the jury find from the evidence that Jones & Pope and A. Boyd & Co., entered into a written agreement to the effect that Jones & Pope were to ship cotton to A. Boyd & Co., and that said cotton was to be credited on the note ; and that Jones & Pope did ship, in pursuance of said agreement, cotton to the amount of thirty-four hundred dollars to said A. Boyd & Co.,—then it is your duty to find that said note sued on is paid, unless you find further from the evidence that Jones & Pope agreed for the credits for the cotton to be placed upon the account, instead of the note." "(8.) If the jury find from the evidence that Jones & Pope mailed a letter, in October, 1888, to A. Boyd & Co., directing them to place the cotton as a credit upon the note until paid, and that A. Boyd & Co. received said letter, then, if you find that a sufficient quantity of cotton was shipped to pay said note, and received by said A. Boyd & Co., you will find for the defendants, Jones & Pope." The plaintiffs excepted to the refusal of the court to give the following charge in writing requested by them: "When the evidence leaves a disputed question of fact in a state of doubt and uncertainty

the fact cannot be regarded as established, and the issue must be found against the party on whom the burden or *onus* of proof rested. And the *onus* of proof in this case, as to the question of the application of payments, is on the defendants."

From a judgment in favor of the defendants, the plaintiffs appeal.

McGUIRE & COLLIER, and NESMITH & SANFORD, for appellants, cited *Davis v. Malme*, 48 Ala. 428; *Marx v. Bell*, 48 Ala. 497; 3 Brick. Dig. 110, 114; *Garrett v. Garrett*, 64 Ala. 263; *Timberlake v. Brewer*, 59 Ala. 108; *Levystein v. Whitman*, 59 Ala. 345.

WATTS & SON, *contra*, cited *Schaefer v. Feagan*, 51 Ala. 335; *Mahan v. Smitherman*, 71 Ala. 563; *Darden v. Gerson*, 91 Ala. 323; *Strickland v. Hardie*, 82 Ala. 412; 3 Brick. Dig. p. 699, § 23; *Levystein v Whitman*, 59 Ala. 345.

COLEMAN, J.—The action was instituted by appellants to recover a balance due upon the written obligation of the defendants for the payment of twenty-five hundred dollars, and also for the recovery of reasonable attorneys' fees, stipulated for in contemporaneous agreement, made to secure the payment of the note or obligation. By the terms of the agreement, the defendants contracted to ship two hundred and fifty bales of cotton to plaintiffs at Memphis, Tennessee, to be stored and sold on their account, and the proceeds to be applied in payment of "the storage which may be due on said cotton, and 2½ per cent. on the amount of such sales for commission for selling said cotton, and then to apply the proceeds of so much of said cotton as may be delivered by us to the amount hereinabove specified," &c. The amount above specified was that contained in the note, and to recover which the present suit was instituted. It was further stipulated that, upon failure to ship two hundred and fifty bales of cotton, the defendants were to pay as "stipulated damages," $1.25 per bale. The payment of the note was further secured by the transfer of collaterals. The evidence shows that only seventy-two bales were shipped to plaintiffs under this agreement. It further shows that the defendants became largely indebted to plaintiffs for shipment of goods, payment of drafts drawn by defendants, and remittances of money, in excess of the twenty-five hundred dollars evidenced by the note. The defendants were charged for the deficiency in the shipment of the cotton at $1.25 per

bale, as stipulated by the parties. The plaintiffs sold the cotton received, and applied the proceeds, first, to the payment of the open unsecured account, and the balance after paying the unsecured indebtedness, was credited upon the note. The main question of contention was, whether the plaintiffs had the right to make such application of payments, and the errors assigned are upon the correctness of the charges given by the court to the jury, upon the facts in evidence bearing upon this question.

The law is, "a mortgagee, in the absence of an agreement with the mortgagor, is bound to apply moneys realized from the sales of property covered by the mortgage to the mortgage debt; but as between the mortgagor and mortgagee, such moneys may, by the consent of the mortgagor, be applied to the payment of an unsecured debt." The consent of the mortgagor in such case becomes a material question. *Taylor v. Cockrell*, 80 Ala. 238; *Strickland v. Hardie*, 82 Ala. 414; *Mahan v. Smitherman*, 71 Ala. 286; *Darden v. Gerson*, 91 Ala. 324; *Levystein v. Whitman*, 59 Ala. 345. The burden rests upon the mortgagee to show that the mortgagor has consented that the proceeds of the payment covered by the mortgage might be applied in payment of any other debt than that secured by the mortgage. A mortgagor, if he sees proper, may consent to adopt or ratify an unauthorized application of payment made by his mortgagee creditor of the proceeds of mortgaged property to an unsecured debt. Whether the mortgagor has consented to either is a question of fact to be determined by the jury, and the burden is upon the mortgagee, in either case, to reasonably satisfy the jury of such consent or ratification.

We think the oral charge given by the court to which exception was taken is strictly in accord with these well established principles. As the uncontradicted evidence shows that the proceeds of the cotton amounted to more than sufficient to pay the storage and 2½ per cent. commissions and the note, we might consider the giving of the two charges Nos. 6 and 7, at the request of the defendants, as error without injury; but, as the case must be reversed upon other grounds, we call attention to the fact that the contract does not provide, as asserted in the charges, for the application of the proceeds of the cotton, in *the first instance*, to the payment of the note, but only after the payment of storage and commissions.

Charge numbered eight (8) given at the request of the defendants is clearly erroneous. Under this charge, the jury were required to find for the defendants, if defendants at any

[Boyd & Co. v. Jones & Pope.]

time in October, 1889, wrote a letter to plaintiffs directing them to place the proceeds of the cotton on the note, although the jury may have been reasonably satisfied from other evidence in the case, that prior or subsequent to that time the defendants did consent that the proceeds of cotton might be applied to the unsecured debt. We can not say there is no evidence in the record from which the jury would be authorized to draw such a conclusion. There were other letters written during the same month by defendants to plaintiffs advising them of the shipments of cotton, and in the same letter advising plaintiffs that defendants were drawing on them for certain sums or money, and asking for remittances in cash. There is other evidence tending to show that plaintiffs rendered statements of accounts to defendants, in which the proceeds of the cotton had been credited to the open account, and that defendants said the statements and credits as thereon entered were correct, and payments properly made. Charge No. 8 ignores all the evidence offered by plaintiffs to show the consent of the defendants to the payments as applied by plaintiffs. A charge which ignores any material conflicting or qualifying evidence, or a material fact which is the legitimate inference of other proven facts, is necessarily misleading and erroneously faulty.—*Ramsey v. State*, 91 Ala. 29; *Thomas v. State, Ib.* 59; *White v. Craft, Ib.* 142; *Fariss v. State*, 85 Ala. 1; *Thompson v. Duncan*, 76 Ala. 334.

There was no error in refusing the charge requested by plaintiffs. It placed the burden upon the defendants to show that the payments as applied were not properly applied. If the proceeds of the mortgaged property were applied to unsecured debts, the burden was upon the mortgagee to show consent or ratification by the mortgagor.

The provision in regard to the payment of counsel fees, and also for the payment of reasonable storage of cotton is not an unreasonable or illegal stipulation.—*Harmon v. Lehman, Durr & Co.*, 85 Ala. 379. The mere bringing of the suit does not, without other proof, authorize a recovery of reasonable counsel fees. If plaintiffs' debt was paid before the bringing of the suit, there can be no recovery for attorneys' fees, under the stipulations in the mortgage contract.

For the error in giving charge No. 8, the case must be reversed, and the cause remanded.

Reversed and remanded.