## Bondurant v. Tally's Trustee, et al.

(Decided March 1, 1921.)

## Appeal from Fulton Circuit Court.

1. Mortgages—Requisites and Validity.—A mortgage executed in good faith for a specific amount, as security for future advancements, is valid to the extent of the amount specified, as against the mortgagor's general creditors; nor is its validity affected by the subsequent bankruptcy of the mortgagor.

2. Mortgages — Bankruptcy — Preferences. — The Federal statute known as the "Bankrupt Act," recognizes such preferences as are allowed by the laws of the state in which the mortgaged property is situated and the mortgage is required by law to be recorded.

3. Mortgages—Bankruptcy—Liens.—Where a subcontractor of levee construction work executed to the principal contractor of such work his two notes of $4,000.00, and $2,000.00, respectively, each secured by a mortgage on the same personal property, for money to be advanced him by the latter for use, as needed, in the work of levee construction; the notes to be paid with such sums as the subcontractor would be entitled to receive from time to time during the progress of the work; and such subcontractor was thereafter advanced by the contractor the full amount of the two notes as agreed, and, in addition, various sums aggregating a considerable amount in excess thereof; and the contractor received various sums of money to which the subcontractor was entitled for part performance of the levee work, amounting in the aggregate to a sum greater than that of the two notes, the subsequent bankruptcy of, the subcontractor before the completion of the work of levee construction did not entitle the contractor to the enforcement of a lien, under the mortgage, upon the mortgaged property in the hands of the bankrupt subcontractor's trustee for any part of the money he advanced the subcontractor in excess of the amount of the two notes secured by the mortgage.

4. Mortgages—Bankruptcy—Liens.—As the only object of the mortgages was to secure the payment of the notes executed by the subcontractor for money to be advanced him by the contractor, and the several amounts received by the latter due the subcontractor for work performed by him before he became a bankrupt, more than paid the notes and discharged the mortgage liens, such liens could not be extended to cover or secure other indebtedness owing by him to the contractor for advancements not embraced by the notes or mortgages.

W. J. WEBB for appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, C. T. Bondurant, having contracted to perform certain constructive levee work in the Reel Foot district in Fulton county, this state, sublet a part of the work to one Ben Tally who owned an outfit consisting of mules, implements and machinery required for doing such work. But as Tally was short of money, appellant agreed and undertook to advance him from time to time during the progress of the levee work to be done by the latter, money, amounting in the aggregate to $4,000.00, with which to pay his hands and provide them and his stock with necessary supplies, the money so advanced by appellant to be repaid by Tally with and out of such sums as might by the contract between them be due and payable to the latter as the work progressed; and as all of this money would be owing Tally by appellant and received by him, it was to be credited by the latter as due upon the indebtedness of Tally to him for the advancements received by Tally.

The above contract was made July 5, 1912, at which time Tally executed to appellant his note, payable one year after date, for the $4,000.00, to be thereafter advanced him by appellant in the manner stated, and to secure its payment gave him a mortgage upon his (Tally's) mules, implements and machinery used by him in the work of levee construction. For some reason unexplained the mortgage, though written July 5, 1912, was not acknowledged by Tally until October 10, nor put to record until October 23, 1912. On November 22, 1912, it became apparent to appellant and Tally that the $4,000.-00 note and mortgage previously executed by the latter did not or would not include the entire amount of money received by him and to be advanced by appellant to enable him to do the work required of him, so it was then agreed between them that to cover such additional advancements, not exceeding in the aggregate $2,000.00, as might be required by Tally he would execute to appellant a note of that amount payable eight months after date, to be secured by a second mortgage on the same property covered by the first mortgage; this note, like the one of $4,000.00, was to be credited by such amounts as might be due Tally from time to time on his work until fully paid. Pursuant to this agreement the note and mortgage last mentioned were on November 22, 1912, duly executed and the mortgage put to record January 4, 1913.

Shortly after the two notes were executed they, together with the mortgage liens by which they were secured, were assigned by appellant to the Farmers and Merchants Bank of Hickman as collateral security for loans it made him.   January 3, 1913, Ben Tally in the District Court of the United States for the Western Division of the Western District of Tennessee, was adjudged a bankrupt upon the petition of certain of his creditors, and on January 12, 1913, the appellee, J. Greer Rogers, was appointed and duly qualified as the trustee in bankruptcy of his estate and at once began the administration thereof.   When adjudged a bankrupt Tally had not completed the work he undertook to perform for the appellant, and upon his abandonment of the work shortly thereafter he left the property upon which he had given appellant the two mortgages in the latter's possession, who used it in his work of levee construction, and was so using it when appellee as trustee in bankruptcy of Tally demanded its surrender to him for the benefit of the bankrupt's creditors.   Appellant refused to comply with the demand and appellee thereupon brought an action against him in the Hickman circuit court for the recovery of the property. But the action was dismissed by the adjustment of the controversy between them over the property, through the appellant's purchase of it at the agreed price of $3,000.00, for which he and W. E. Bondurant executed to the appellee their joint promissory note payable six months after date, without interest until maturity, containing, however, a provision to the effect that if the two mortgages given on the property by Tally to appellant should be held by the court valid and preferred liens to secure the amount of Tally's entire indebtedness to appellant, then the proceeds of the property should be applied on such indebtedness; otherwise such proceeds should be paid to appellee as trustee in bankruptcy for the benefit of Tally's creditors,

Before this adjustment was effected, however, suit had been brought by the Farmers and Merchants Bank of Hickman in the court below upon the notes of $4,000.00 and $2,000.00, respectively, executed by Tally to appellant and assigned it by the latter, seeking an enforcement of the mortgage liens for their payment, to which the appellant and W. E. Bondurant were made defendants; and the appellee, as the trustee in bankruptcy of Tally, by interpleader and cross petition against the bank and appel-

lant also seems to have been made a party, and to have attacked the notes and mortgages given by Tally to appellant as preferential, fraudulent and void. But before any preparation of the action for trial the appellant paid to the bank the two notes in question and caused them to be reassigned to him; and this fact being set up by an amended answer filed by the latter, he was substituted on the record for the bank as owner of the notes, and by subsequent pleadings filed by him and appellee all issues of law and fact involving the validity of the mortgage liens asserted as preferred debts by the former and controverted by the latter seem to have been presented.

In the meantime the appellee as trustee in bankruptcy of Tally sued the appellant and W. E. Bondurant in the same court, seeking to recover of them the amount of the note or bond of $3,000.00 they executed to him for the property upon which they were claiming preferred liens by virtue of the mortgages from Tally to C. T. Bondurant. By answer the latter and W. E. Bondurant resisted the recovery sought and substantially set up their alleged liens upon the property for which the note to appellee was given, their alleged preferential character and that they should be credited on the note with the amount of Tally's indebtedness to C. T. Bondurant which would more than discharge it. After the filing of a reply by appellee controverting the affirmative matter of the answer and attacking appellant's alleged debts and liens as preferential and fraudulent, the action was transferred to the equity docket and consolidated with the one previously brought by the bank.

Following the taking of proof by the parties and submission of the consolidated causes, the circuit court rendered judgment, the essential parts of which are as follows:

"And now upon the whole case the court finds that the obligation sued on by the plaintiff J. Greer Rogers, trustee in bankruptcy of Ben Tally, should be credited, as of the date of its execution, by the sum of $434.93, that being the difference as shown by the deposition of C. T. Bondurant and the statement of accounts filed herewith between the charges of C. T. Bondurant against Ben Tally and the credits given to said Tally on said accounts at the date when said Tally became a bankrupt, as shown by the proof; then leaving a balance due upon said obligation of $2,565.07, with interest thereon from October 28, 1913.

Therefore it is adjudged by the court that the plaintiff, J. Greer Rogers, trustee in bankruptcy as aforesaid, recover of the defendánts, C. T. and W. E. Bondurant, the sum of $2,565.07, with interest thereon at 6 per cent. per annum from October 28, 1913, and his costs in these actions, and execution is awarded thereon.''

Appellant complains of and has appealed from the judgment, except as to the allowance of the $434.93 of his debt as a preferred lien, for which credit was given him on the $3,000.00 note executed by him as surety to the appellee for the Tally outfit.

It can not be questioned that a mortgage given in good faith for a specific sum, as security for future advancements, is valid to the extent of the debt specified, as against the mortgagor's general creditors. Martin v. Jones, 136 Ky. 797; Lou. Banking Co. v. Leonard, 90 Ky. 106; Jarboe v. Shively, 109 Ky. 402; Straeffer v. Rodman, 146 Ky. 1. It is patent that the preference claimed by appellant in this case existed only as to the aggregate of the two notes secured by the two mortgages, viz: $6,000.-00, as shown by them; and as appellant's statement of the accounts between himself and Tally shows credits on this amount before the latter's bankruptcy that paid and even more than paid it and thereby discharged the two notes and mortgage liens, his right to any further preference as against other creditors ceased. In other words the accounts show that between the date of the first mortgage and Tally's bankruptcy appellant advanced him altogether $9,542.22, and during the same time credited him with the various sums to which he was entitled as the levee work progressed aggregating $9,107.29, which overpaid the two notes of $6,000.00 secured by the mortgages, $3,107.29.

The mortgages do not as claimed by appellant, in terms or by implication, secure him in any and all advancements he might have made Tally until the latter's work for him was completed. On the contrary by their express statements the only security they afford is limited and confined to the two notes of $4,000.00 and $2,000.-00, named therein, respectively, and they expressly provide that the notes were to be paid with such sums as he would be entitled to from time to time for work done, to be credited on the notes as of the dates they were due or received. This being true the appellant should have been allowed no preference over other creditors of Tally be-

yond the amount of the two notes. But as appellee has not taken a cross appeal, we are without authority to reverse so much of the judgment as allowed appellant credit. on the note sued on by appellee for $434.93. The bankrupt act recognizes only such preferences as are allowed by the laws of the state.

As the mortgages were valid as security for the two notes therein named, the amounts thereof constituted preferred debts that could have been claimed by appellant and as they were paid by the bankrupt, he was entitled to no other preference.

For the reasons indicated the judgment is affirmed.