149 P.2d 126

MARTIN et al. v. BEARD.

No. 4827.

Supreme Court of New Mexico.

May 17, 1944.

BRICE, Justice.

This is an action to recover a balance alleged to be due upon a promissory note.

The following are the trial court's findings of fact and conclusions of law:

"1. That the defendant executed and delivered his promissory note to the Dexter Gin Company, a Corporation, dated May 26, 1937 in the sum of $200.00 with interest at the rate of 8% per annum and 10% additional for attorney fees on principal and interest if placed in the hands of an attorney for collection; and that said note has been placed in the hands of E. E. Young, attorney at Roswell, New Mexico, for collection; that the defendant also executed a chattel mortgage to secure said note, said chattel mortgage bearing even date with said note and delivered said mortgage to the plaintiff, said mortgage covering the crops of the defendant.

"2. That in consideration of said note and mortgage, the plaintiff advanced the defendant from time to time the following items:

| January | 21, 1937 | cash | $25.00 |
|---|---|---|---|
| August | 20, 1937 | Grocery Acct. #544 | 129.15 |
| November | 2, 1937 | Grocery Acct. #776 | 59.38 |
| November | 13, 1937 | Cash check #864 | 12.35 |
| January | 16, 1938 | Grocery Acct. #1189 | 26.70 |
| | | Making a total of | $252.58 |

"3. That said $252.58 is entitled to the following credits:

| November | 29, 1937 | cotton seed | 1.07 |
|---|---|---|---|
| November | 29, 1937 | 2 bales of cotton | 78.16 |
| March | 14, 1938 | 2 bales of cotton | 48.83 |
| March | 14, 1938 | hauling & ginning | 1.24 |
| | | Making a total of | $129.30 |

Frazier & Quantius, of Roswell, for appellant.

E. E. Young, of Roswell, for appellee.

which was proceeds of cotton and seed ginned by the Gin Company, and left on its yard and by it sold without instructions so to do by Beard.

"4. That there was no direction by the defendant to the plaintiff as to how said credits should be applied, and that the plaintiff applied the above credits as follows:

"$53.83 was credited by the plaintiff against the open account of the defendant, leaving a balance of $75.40 which the plaintiff credited on the defendant's note leaving a balance due the plaintiff from the defendant on said note of $124.60 with interest thereon from November 29th, 1937 (the date of the first credit) to date, said interest amounting to the sum of $60.29 making a total of interest and principal due the plaintiff of $184.89, and $18.48 attorney fees as provided in said note, making a total of principal and interest and attorney fees of $203.37.

"5. That the Dexter Gin Company was formerly a corporation but was dissolved prior to the institution of this cause; that plaintiffs were the last directors thereof.

"6. That no meeting of the trustees as such was held subsequent to the dissolution and no authority was given by the trustees to L. Martin, one of said trustees, but that a meeting of the directors prior to the dissolution L. Martin was authorized to proceed with the liquidation of the affairs of the corporation and take such steps as were necessary to liquidate the affairs of the corporation, and that at the hearing of this cause two other directors, Frank Wortman and F. L. Mehlhop, appeared as witnesses in this cause and ratified the action of the said L. Martin in filing this cause of action.

"Conclusions of Law

"1. That the plaintiff was authorized to apply the credits as set out in findings of fact No. 2 and No. 3, first to the open account and the balance on the promissory note.

"2. That the plaintiff is entitled to recover from the defendant the sum of $203.-37 together with costs and interest thereon as follows:

"On the sum of $184.89 at the rate of 8% per annum until paid. On the sum of $18.48 at the rate of 6% until paid and for costs.

"3. That the cross-complaint of the defendant be dismissed and he take nothing by reason thereof."

The $1.24 credited as of March 14, 1938, was a debit, and should have so appeared. The findings should have shown advances of $253.82, and credits of $128.06. The trial court held that the excess of $53.82 over the $200 note was on open account, and we will so treat it.

█ It is asserted that finding of fact No. 4 was not supported by substantial evidence "there never having been any appli-

cation of any sum to any particular account by the Gin Company."

The trial court could infer from the evidence of the witness Martin that the proceeds of the sale of cotton were applied first to the $53.82 excess of advances over $200, and the balance applied as a credit on the note. The credit of $75.21 (should have been $74.24) on the note, as shown by plaintiff's ledger, indicates that the court's finding is supported by substantial evidence.

■ Defendant states that plaintiff sold his cotton without his consent, and that such sale constituted a conversion. The trial court found as a fact that plaintiff sold the cotton *without instructions* from defendant so to do. This contention is the basis of a cross action, in which the defendant had the burden of proof. But no instructions were necessary after condition broken. Sec. 63-509, 1941 Comp. provides:

"In the absence of stipulation to the contrary, the mortgagor of personal property shall have the right of possession thereof until condition broken. After condition broken, the mortgagee, his agent or assignee, may, unless otherwise provided in the mortgage, take immediate possession of, and proceed to sell the mortgaged property, or so much thereof as may be necessary to satisfy the mortgage, together with all costs incident to taking possession of, caring for, advertising and selling such property. Such sale shall be a public auction between the hours of nine o'clock A. M. and five o'clock P. M. of the same day, after notice by publication as required by law for sales under execution * * *."

■ The basis of plaintiff's action was a promissory note. If there was a conversion of the cotton, as alleged in the cross complaint, in that it was not sold in the manner provided by the statute, or for any other reason, regarding which there is no finding, the burden was upon defendant to prove such facts, and secure a ruling thereon in support of his cross action.

It is asserted by defendant that the trial court erred in holding that plaintiff was authorized to apply any part of the proceeds of the sale of the mortgaged property to the open account; that the $53.82 so applied should be credited on the $200 note in suit.

■ The rule that in the absence of an agreement or direction as to how funds paid by a debtor to his creditor should be applied that the creditor may apply such funds to any debt owing him by his debtor, has no application to the proceeds of the sale of mortgaged property. In the absence of an agreement otherwise, such funds must be applied to the mortgage debt. Bondurant v. Tally's Trustee, 191 Ky. 202, 229 S.W. 377; Jenkins v. Morgan, Tex.Civ.App., 187 S.W. 1091; Security Trust & Sav. Bank v. June, 38 Ariz. 513, 1 P.2d 970; Hargis Bank & Trust Co. v. Gambill, 234 Ky. 538, 28 S.W.2d 769; Orleans County Nat'l Bank v. Moore, 112 N. Y. 543, 20 N.E. 357, 3 L.R.A. 302, 8 Am. St.Rep. 775; 37 A.J., Mortgages, Sec. 868.

■ The parties by subsequently consenting or acquiescing in a different distribution of funds, if it does not affect the rights of third parties, may bind themselves thereby (Boyd v. Jones, 96 Ala. 305, 11' So. 405, 38 Am.St.Rep. 100), but the burden rests upon the mortgagee to show that the mortgagor consented that the proceeds of the mortgaged property could be applied to the payment of another debt than that secured by the mortgage, or that he has ratified an unauthorized application of such funds. Boyd v. Jones, supra.

■ The mortgage was not introduced in evidence and we are not advised as to its terms except that it was a chattel mortgage on crops to secure the payment of the $200 note in suit. It secured only advances to the extent of $200 and the proceeds of the sale of the mortgaged property should have been credited on the note.

The trial court erred in not applying all the proceeds of the sale of the mortgaged property as credits on the $200 note in suit. It did not err in denying recovery on defendant's cross action.

The cause ·is reversed and remanded to the district court with instructions to set aside its judgment and enter judgment for plaintiffs, not inconsistent herewith. The costs incurred in this court shall be apportioned equally between the parties.

· It is so ordered.

SADLER, C. J., and MABRY, BICKLEY. and THREET, JJ., concur.