164 P.2d 380

## BENSON et al. v. EXPORT EQUIPMENT CORPORATION.

### No. 4913.

Supreme Court of New Mexico.

Dec. 11, 1945.

William T. O'Sullivan, of Albuquerque, for appellants.

Dailey & Rogers and Jethro S. Vaught, Jr., all of Albuquerque, for appellee.

MABRY, Chief Justice.

Appellants sued to recover damages in common law for personal injuries allegedly sustained by the minor, Ted M. Benson, Jr. through the negligence of appellee, the employer. The complaint undertook to set forth two causes of action—the first on behalf of the minor himself for personal injuries allegedly sustained, and the second on behalf of the minor's parent to recover damages for loss of services and for medical expenses incurred during his minority. Before answering, appellee moved for dismissal of the complaint upon the

following ground, among others: "That the complaint affirmatively shows that it does not state a cause of action for common law damages for negligence as alleged therein, and discloses that the injuries of which plaintiff complained were suffered by accident arising out of and in the course of his employment and are, therefore, compensable under the Workmen's Compensation Act of the State of New Mexico."

And, as to the second cause of action, asserted by the minor's father, the motion for dismissal was based primarily upon the following ground: "That any action that the plaintiff Ted M. Benson, Sr., might have had at common law to recover damages for the loss of the services of his minor child, Ted M. Benson, Jr., have been abrogated by reason of the Workmen's Compensation Act of New Mexico and will be compensated for by disability payments provided for and paid under the provisions of said Act."

An additional question presented goes to the merits of the case. This is whether, under the circumstances of this case, the minor's employment, at the time of his injury, came within the terms of the New Mexico Workmen's Compensation Act, in which event the common law remedy would not apply. We will first consider the question involving the Rules of Procedure. Facts not appearing upon the face of the complaint itself were injected by the motion to dismiss; and but for the notice given such additional admitted facts, the pleadings would not have been ripe for a decision upon the questions of law.

Appellant complains that the trial court erred in entertaining the motion to dismiss prior to requiring appellee to answer on the merits.

This appeal calls for an interpretation of certain of our new rules of civil procedure, and presents a case of first impression in this jurisdiction.

Rule 19-101, (12) (b), identical to Federal Court Rule 12(b), 28 U.S.C.A. following section 723c, reads as follows: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject-matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief."

Rule 19-101(7) (c) provides: "Demurrers, pleas and exceptions for insufficiency of a pleading shall not be used."

Appellee argues that the trial court was correct in sustaining its motion to dismiss since under the rules a defense *in law or fact* may be raised by motion, as in this case was done, where a defense is that the complaint fails to "state a claim upon which relief can be granted." And, that such motion, unlike the conventional demurrer, may properly present facts not appearing upon the face of the complaint itself which, if true, are to be considered in determining the merits of the motion. Appellant contends that the language in the rule permits no such construction and that such matters of fact relied upon in defense by appellee, as herein shown, should be set up in the answer. There is authority for the position taken by able counsel for each of the parties hereto, but in our opinion the better and more recent authority upon the point supports the view held by the trial court.

The prime purpose of the new rules is to eliminate delays resulting from reliance upon pure technicalities and generally to streamline and simplify procedure so that the merits of the case might be reached and the issues determined without lengthy or costly preparation for a trial on the merits, which trial might never be necessary, and without the many irritating delays which accompanied the old practice.

We know that under Rule 16 (1941 Comp. Sec. 19-101, (16) a procedure is provided for a pre-trial conference for the simplification of the issues to be tried. This is accomplished through obtaining admissions of fact and documents which can be agreed upon, or which would not be relied upon at trial, and for the clarification of other questions looking toward a prompt and clear approach to the controverted issues. It is not reasonable to assume that the rule making power, having so fully provided for the simplification of issues at a pre-trial conference, would not wish to extend the same remedy to a litigant who, by motion, and before answer upon the merits and preparation for trial, could have the court determine as a matter of law whether, in the light of additional facts which will not, or cannot, be disputed, although appearing for the first time in the motion, a cause of action be stated by the complaint.

The argument of appellants to the effect that such an interpretation as was adopted by the trial court and which we propose to accept would, in effect, deny litigants the right to trial by jury in many cases, does not appeal to us. Appellee does not contend that any issuable fact could be so determined, but it is only the facts raised by the motion which must stand as admitted, although not appearing in the complaint, that the motion would apply.

"Disputed questions of fact involved in the merits of claim or defense" are not involved. Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 93. These must be determined as such facts are ordinarily determined, by

the court, or jury. But we have no such factual situation here. All facts here involved which become material to a determination of the questions of law are undisputed.

Counsel for appellants, at the hearing upon the motion here challenged as containing matters which should have been raised by answer, and when the trial court advised appellants that further time would be given them, if needed, to prepare to meet the matters of fact raised by the motion, said: "We are ready to go ahead. I don't think there is anything set forth in the motion that we are inclined to contest, except with respect to the statement that the boy's age was given on the paper delivered to the employer, from the United States Social Security Commission, or otherwise; or the age as stated by the boy and his father, we are not prepared to admit; but everything else contained in the motion we will admit." The court responded: "That simplifies the issues, as far as the facts are concerned."

So, as the matter now stands, accepting as correct the age of the minor relied upon by appellants themselves, which, for the purposes of this case we do as hereinafter to be noticed, no controverted fact remains to be disposed of.

"Appellants contended in the District Court that it was not proper to consider this affidavit in connection with the motion to dismiss. The orderly administration of justice was clearly served by full inquiry into the question of appellants' capacity to sue before examination of the merits. We think all available evidence which bore on such preliminary question, including the affidavit, was a proper subject of examination. Cf. Gallup v. Caldwell, 3 Cir., 120 F.2d 90, 92, 93; Rule 43(e), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87." Lucking v. Delano, 6 Cir., 129 F.2d 283, 285.

And, in Boro Hall Corp. v. General Motors Corp., 124 F.2d 822, 823, the Circuit Court of Appeals of the Second Circuit, treating a motion to dismiss for the reason that no cause of action was stated, as a motion for summary judgment and upholding the motion "accompanied by an affidavit which in turn was answered by the plaintiff without raising any material issues of fact", pointed out that "even if the motion were regarded as made under Section 12(b) of the rules, we have held that affidavits might be employed", citing cases.

Even when the complaint has stated a cause of action and before it is weakened through attack by motion with documentary evidence admitted by stipulation which "enabled the court to go beyond the disclosures of the bill of complaint to the crucial point of law upon which the controversy turned", such evidence under the motion provided for by the similar federal rule in question, can vitiate the complaint as drawn. See Locals No. 1470, etc., of

International Longshoremen v. Southern Pacific Co., 5 Cir., 131 F.2d 605. "It is apparent that there was no dispute as to the facts in the court below, but that the decisive question was one of law involving the rights and obligations of the parties under their contractual agreement", said the court in that case in holding that even though the complaint, before being attacked by such motion, might have stated a cause of action, it did not after considering the undisputed evidence properly admitted under the motion. And, in the recent case of National War Labor Board v. Montgomery Ward & Co., 79 U.S.App.D.C. 200, 144 F.2d 528, 531 (certiorari to Sup.Ct. denied 323 U.S. 774, 65 S.Ct. 134) it was held: "Even if the complaint had stated a sufficient claim the uncontradicted affidavits of the defendants would have shown that there was no genuine issue as to any material fact, and their motion for summary judgment should therefore have been granted. In our opinion the affidavits were pertinent, also, to the motion to dismiss."

█ "It is not important", under the federal court holdings, "whether the objection is called a motion to dismiss or one for summary judgment. Since the same relief is sought, the difference in name is unimportant. In any event, the affidavits presented are available on either motion. Federal Rules 6(d), 12(b), 43(e), 56(e), 28 U.S.C.A. following section 723c." Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85, 87; Gallup v. Caldwell, 3 Cir., 120 F.2d 90; Victory v. Manning, 3 Cir., 128 F.2d 415.

To quote from Gallup v. Caldwell, supra:

"We are met at the outset by the question whether it was proper for the court below to make a preliminary investigation, which carried it outside of the pleadings, as to the plaintiff's stock ownership. * * *˙ The problem which, restated, is whether the Federal Rules of Civil Procedure countenance a 'speaking' motion to dismiss, has been much discussed since the adoption of the Rules. Each side of the question has drawn to it distinguished proponents. Their arguments and reasons are collected in a note in 9 Geo.Wash.L.Rev. 174 (Dec. 1940). We think that such procedure should be permitted especially in the kind of situation here presented. See 1 Moore's Federal Practice 645. Despite plaintiff's allegation of stock ownership it is clear that she was not a stockholder whose ownership was registered on the books of the corporation at the time suit was instituted. If record ownership is a prerequisite to the right to bring this action, then it is expedient that the point be decided preliminarily. The alternative would be to sanction discovery and perhaps other pre-trial proceedings likely to be exceedingly burdensome upon both parties only to have the case ultimately dismissed at the trial because of plaintiff's inability to prove a fundamental but initial point. This would not only be a needless waste of the court's time but it would run counter to the mandate of Rule 1 that the Rules 'be construed to secure the just, speedy, and inexpensive determination of every action'.

"In so holding, we do not indicate that *disputed questions of fact involved in the merits of claim or defense* may necessarily be fought out as preliminary issues raised upon motions. The affidavits filed by the parties here raised no fact controversy, but a question of law. No problem arising out of a possible claim to jury trial is involved. The question of law thus raised is the next point for consideration." (Emphasis ours.)

It is pointed out in 1 Moore's Federal Practice 645, 646 (1938) that while the familiar equity rule 29, 28 U.S.C.A. § 723 Appendix, which, in dealing with the presentation of defense, provides that "every defense in point of law *arising upon the face of the bill,* whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity * * * shall be made by motion to dismiss or in the answer * * *", is held not to authorize a "speaking motion", this construction is not applicable to Rule 12 (b) (identical with our Rule 19-101, 12b) under the clear implication of that rule. This text writer spoke, of course, before the time when the several U. S. Circuit Courts of Appeal had come to support that interpretation. But he wrote prophetically; and he accurately interpreted the rule, without the guide afforded by the federal court decisions thereafter to follow.

Much of the authority cited by counsel for appellants in their able brief is inapplicable. Certainly the New Mexico decisions relied upon which were decided before our adoption of the new rules in 1942 are not in point, and, likewise, the decisions of some of the federal district courts contrary to the holdings of the several U. S. circuit courts of appeal cases cited herein. Such cases as are relied upon seem to rest upon the proposition that Rule 12(b) is, substantially, merely the successor to the former federal equity rule of procedure with no more latitude to be allowed in testing the complaint as against the contention that it does not state a cause of action, and are against the present weight of authority, and, to our minds, illogical. And, the New Mexico decisions relied upon are not in point since they did not involve an interpretation of the reformed rules now under consideration.

The motion raised questions which, taken together with the allegations of the complaint, established the following undisputed facts: (1) that the employee, Ted M. Benson, Jr., was at the time of his injury, sixteen years of age; (2) that he was employed by appellee, a foreign corporation authorized to do business generally in New Mexico; (3) that appellee had, on or before the date of the employment and injury, filed in the office of the clerk of the district court of Santa Fe County a good and sufficient undertaking as required of such foreign corporations operating under the New Mexico Workmen's Compensation Act (1941 Comp., Sec. 57-903); (4) that the injured workman did not, at the time of entering the employment of appellee, or at any time,

give notice in writing as provided by law (Sec. 57-904) electing not to become subject to the provisions of the compensation act; (5) that the employee had, subsequent to the date of the accident and injury, received certain monthly payments as compensation under the act and had permitted the appellee and the insurance carrier to assume and pay certain medical and hospital expenses resulting therefrom.

This undisputed factual situation presents, therefore, only questions of law. We know that the Workmen's Compensation statutes are sui generis and create rights, remedies and procedures which are exclusive. Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044. There are presented to us no circumstances which would take the employee, though a minor, out of the statute's operation by which he, or his father, might rely upon an action at common law.

So, now coming to a consideration of the question of law to be determined under the facts shown by the complaint, coupled with those established by the motion to dismiss, we must resolve the query: Was Defendant Ted M. Benson, Jr. employed under the New Mexico Workmen's Compensation Act at the time of his injury so as to afford appellants no other remedy? We hold that he was so employed.

It appears that employee Benson went to work for appellee a few weeks before he was sixteen years of age (taking as established the age contended for by appellants themselves) and he sustained the injuries complained of a few weeks after he had reached the age of sixteen. Appellants contend that even though the minor was sixteen at the time of injury, since he commenced working prior to his sixteenth birthday, he was at least illegally employed at the inception of the service and the case would not be covered by the Workmen's Compensation Act. That would be to say that if one accepted employment where minors under sixteen years of age were not permitted to work, and continued therein even for a long number of years, at any time thereafter when accidental injury might be suffered, he would not, because of the circumstances under which he entered the employment years before, be covered by the act. We find no authority which would support such contention, and we hold it to be without merit.

We next inquire whether there be any law which would, under the circumstances, deny to the employee, sixteen years of age while employed and injured, coverage under the statute in question. Our answer is that there is none.

The only statute called to our attention which prohibits the employment of a child over sixteen years of age is 1941 Comp., Sec. 57-506, Chap. 79, Sec. 6, L.1925, which applies only to children under the age of eighteen years. These children are not permitted to work in any mine or quarry underground or at or about any place

where explosives are used, a situation not here involved. Section 57-502 relates to the granting of permits to children under the age of sixteen who would engage in a gainful occupation during the public school term, which, also, is not here applicable.

We find no authority for the contention that such statutes as our own and relating to the kind of employment here involved do not apply to minors of the age of sixteen and over, as well as adults. See Schneider on Workmen's Compensation, p. 212, sec. 1179(a) where the constitutionality of a like act, as it would apply to minors, is discussed. "In order for an employee, whether minor or adult, to recover under the common law for an injury which arose out of the contract of employment, he must show that either he or his employer rejected the act." Schneider, supra, sec. 1179(b). For a full and illuminating discussion of this question see Noreen v. William Vogel & Bros., Inc., Court of Appeals, 231 N.Y. 317, 132 N.E. 102. See also the following authorities: Ross et ux. v. Cochran & Franklin Co., Inc., 2 Cir., 10 La. App. 719, 122 So. 141; Wells v. Radville et al., 112 Conn. 459, 153 A. 154; Houston Pipe Line Co. v. Beasley et ux., Tex.Civ. App., 49 S.W.2d 950.

Section 57-905 of the act exempts from any other liability whatsoever for the death or personal injury to *any* employee in cases where the employer has elected to and has complied with the provisions of the act (Secs. 57-901 to 57-931). Section 57-912 (i) defines the term "workman" as meaning "*any* person who has entered into the employment of or works under contract of service or apprenticeship, with an employer * * *. The term 'workman' shall include 'employee' and shall include the singular and plural of both sex." (Emphasis ours.)

Counsel for appellants calls our attention to what he feels is a singular coincidence in the history of the Workmen's Compensation Act in support of his position that minors are not covered thereby. But we believe this point also to be without merit. He refers to language appearing in the original compensation act (Chap. 83, Sec. 4, L.1917) wherein it is provided: "Minors of the age of fourteen years or over shall have the same contractual powers hereunder and shall be subject to the provisions of this act to the same extent as adult workmen"; and he notices that this language was carried forward in subsequent amendatory acts until we come to Chap. 92, Sec. 19, L.1937 in which such language with reference to minors was repealed, or omitted, and that all later acts (Chap. 232 of L.1939 and Chap. 15 of L. 1943) also omitted the language with reference to minors.

An answer to this contention is to be found in the all-embracing language of the compensation acts subsequent to the repeal, or omission, of the language found in the final sentence of Sec. 4 of the 1917 Act. No more all-embracing language could be

employed than is found in these subsequent acts, including the present law which is applicable to the case at bar. In view of the words employed in defining "employee" and "workman", the additional language appearing in the original compensation act of 1917 but thereafter omitted, specifically mentioning minors, could add nothing to the complete coverage intended by the legislature.

It becomes unnecessary to discuss any statute urged as applicable to the case at bar to minors *under* the age of sixteen years, since it is conceded that the employee here was of the age of sixteen at the time of injury, even though he may have entered the employment before having reached such age—a circumstance not important, as heretofore noted.

We hold that minors are included within the act and come within the term "workman", or "employee"; and that appellant Ted M. Benson, Jr., being of the age of sixteen years at the time of his injury, does not fall within any of the exceptions provided by statute and that therefore no common law right exists in behalf of either of the appellants.

All questions raised are without merit. The judgment should be affirmed and it is so ordered.

SADLER, BRICE, and LUJAN, JJ., concur.

BICKLEY, J., did not participate.