172 P.2d 116

**CARROLL v. BUNT et al.**

No. 4942.

Supreme Court of New Mexico.

Aug. 29, 1946.

O. P. Easterwood, of Clayton, for appellant.

Adolf J. Krehbiel, of Clayton, for appellees.

HUDSPETH, Justice.

The plaintiff-appellant sued the defendants for $265, the value of personal property, which she alleged defendants sold, and from a judgment on the pleadings dismissing her amended complaint she appeals.

The trial court sustained a motion to dismiss the complaint with leave to plaintiff to amend, and after an amended complaint was filed defendants answered, including in their separate answers as their first defense a motion to dismiss.

Plaintiff filed a reply and the case came on for trial on the merits. After the witnesses were sworn defendants moved for judgment on the pleadings, which was sustained. The question for review is whether the trial court erred in sustaining that motion.

Plaintiff in her complaint alleged ownership of the chattels, and that they were stored (no date given) on the premises of Alice Ratcliff in Clayton, Union County, New Mexico, and were so stored at the time of Mrs. Ratcliff's death, which occurred on January 24, 1943. It was also alleged that an administrator of the estate of Alice Ratcliff, deceased, was appointed by the Probate Court of Union County, and that Harold Bunt and his brother were decreed to be her only heirs; that in the year 1938 plaintiff executed a note for

$30 in favor of Alice Ratcliff and a chattel mortgage on the property involved to secure the same.

Defendants moved to dismiss on the following grounds:

"A. That it appears from said complaint the property claimed by plaintiff was in the possession of Alice Ratcliff, also known as Alice B. Ratcliff, at the time of her death, and that her estate was administered upon by the Probate Court of Union County, New Mexico, and that if plaintiff had any claim to any of the property in the possession of said decedent at the time of her death, plaintiff should have asserted such claim in said probate court proceeding, and not having done so is now barred and estopped to assert any claim against these defendants or either of them, by reason of any such property.

"B. It affirmatively appears from plaintiff's complaint that more than four years have elapsed since plaintiff's cause of action, if any, accrued, in that plaintiff's mortgaged property came into the possession of Alice Ratcliff in the year 1938, that is, more than four years prior to August 17, 1944, date when plaintiff's action herein was commenced."

The motion was sustained, to which ruling plaintiff excepted, and she was allowed 20 days in which to further plead.

The New Mexico statutes provide that the mortgagor may retain possession of mortgaged chattels until condition is broken, and prescribes the manner of sale by mortgagee. 1941 Comp. § 63-509; Martin et al. v. Beard, 48 N.M. 236, 149 P.2d 126. The allegation is that the chattels were "stored." The four year statute of limitation would not apply, if the date the goods were stored had been given.

The motion to dismiss seems to be based on the theory that Alice Ratcliff held the property in some other capacity than that of bailee at the time of her death. A statement in a pleading may not be given the force and effect of an admission of a fact unless it amounts to such. McCallister v. Farmers Development Co., 47 N.M. 395, 143 P.2d 597. If evidence was heard, or admissions made on this point at the hearing on the motion to dismiss it does not appear in the record. Benson v. Export Equipment Corporation, 49 N.M. 356, 164 P.2d 380.

"Generally speaking a particular status or relation once shown is presumed to continue, at least as long as it would naturally in the ordinary course of events." 9 Encyc. of Evidence p. 912.

The record is blank as to the action, if any, taken by the administrator of the estate of Alice Ratcliff, deceased, with reference to this property. Hence

doubt arises as to whether there was occasion for the plaintiff to make claim for the property in the probate court. 21 Am. Jur. p. 888. Moreover, the statute of non-claim is not ordinarily controlling where the subject matter of the suit is not necessarily classifiable as a claim against the estate of a decedent. Tierney v. Shakespeare, 34 N.M. 501, 284 P. 1019. It does not appear to a legal certainty that the probate court had jurisdiction of the property.

■ The property may have passed to the heirs of Alice Ratcliff, but it did so clothed with the fiduciary obligation, if the allegations of the complaint are true. 33 C.J.S., Executors and Administrators, § 118, p. 1073; Matern v. Commissioner of Internal Revenue, 9 Cir., 61 F.2d 663.

■ On motion to dismiss under the new rule 12, § 19-101 the allegations of the complaint are to be taken as true. While this complaint is indefinite and uncertain, a motion to dismiss is not the proper mode of attacking a complaint for indefiniteness and uncertainty. Johnson v. City of Santa Fe, 35 N.M. 77, 290 P. 793. The question presented is one of legal sufficiency, whether the complaint is sufficient to withstand challenge by demurrer, or by its modern substitute, motion to dismiss. Ritter v. Albuquerque Gas & Electric Co., 47 N.M. 329, 142 P.2d 919, 153 A.L.R. 273; Benson v. Export Equipment Corporation, supra. In the latter case we commented upon the importance of eliminating delays, and saving costs to litigants, but nothing therein said was intended to modify the doctrine that "The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of litigants." Victory v. Manning, 3 Cir., 128 F.2d 415, 417. See unanimous opinion of the Supreme Court in Bell v. Preferred Life Assur. Soc., 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15.

■ 1 Moore Federal Practice, 1945, Supplement, 264, page 648, cites many federal cases in support of the following rule:

"A complaint should not be dismissed for insufficiency, for failure to state a cause of action, unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim."

It follows that the motion to dismiss should not have been sustained.

The amended complaint eliminated all reference to the probate court proceedings and the chattel mortgage, alleged ownership of the chattels, that they were stored on the premises of Alice Ratcliff prior to January, 1942, and that they were sold by the defendants, without authority and without plaintiff's knowledge or consent on the 2nd day of July, 1944.

The defendants maintain that the motion for judgment on the pleadings was properly granted because the same issues were involved as in the motion to dismiss the complaint, which "was sustained by the court and not having been appealed from by plaintiff, became res adjudicata and the law of the case."

The Supreme Court of Vermont says that the law of the case doctrine "is not that of stare decisis nor yet that of res judicata though akin to each." Perkins v. Vermont Hydro-Electric Corporation, 106 Vt. 367, 177 A. 631, 653.

■ As applied in this jurisdiction there is little or no distinction, except that the doctrine of "law of the case" applies only to the one case (Sanchez v. Torres, 38 N.M. 556, 37 P.2d 805), while res adjudicata forecloses parties or privies in one case by what has been done in another case. Floersheim v. Board of Com'rs of Harding Co., et al., 28 N.M. 330, 212 P. 451.

■ Defendants overlook the fact that the order sustaining the motion to dismiss allowed plaintiff twenty days in which to further plead and an exception to the ruling of the court.

It was not a final judgment and, therefore, not res adjudicata. Sec. 41 Restatement of the Law of Judgments; White et al. v. Mayo et al., 31 N.M. 366, 246 P. 910.

Plaintiff excepted to the rulings on the motion to dismiss and the motion for judgment on the pleadings.

■ The Supreme Court of Iowa in Whitfield v. Grimes, 229 Iowa 309, 294 N.W. 346, 350, states the correct rule on the law of the case doctrine, in a similar case to the one at bar, as follows:

"In Watkins v. Iowa Cent. R. Co., 123 Iowa 390, loc. cit. 395, 98 N.W. 910, loc. cit. 912, this court said: 'If, after a ruling on a demurrer, a party excepting to that ruling pleads over a mere repetition of the matter theretofore stated in the pleading demurred to, he does not, of course, waive the error in the ruling on the demurrer. By so doing he manifestly does not intend to waive the error in the ruling on the demurrer, if any there be. * * * He either does not plead over by reasserting the same matters, or, if he does, such pleading should not be held to be a waiver of the ruling theretofore properly excepted to. Our rules of procedure are not intended as a trap to catch the unwary. Of course, if no exception is taken to the ruling on the demurrer, and the party whose pleading is attacked makes no exception thereto, but pleads over, and the demurring party moves to strike it, because a mere repetition, the only question then to be considered is the correctness of the ruling on the motion to strike. By failing to except to the ruling on the de-

murrer, the pleader accepts it as the law of the case, and the only ruling he challenges is the one on the motion to strike.'"

We conclude that the trial court erred in sustaining the motion for judgment on the pleadings. It follows that the judgment should be reversed and the cause remanded for trial on the merits. It is so ordered.

SADLER, C. J., and BICKLEY, BRICE, and LUJAN, JJ., concur.